DUNN v. NATIONAL BANK OF CANTON. (KELLER, INTERVENER).

1. In an action against a bank on a certificate of deposit for $695, brought by the holder, the payee intervened, and claimed that it had been obtained from him by fraud by a gambler, who indorsed it to plaintiff for $50. Plaintiff was acquainted with such gambler to the ex-

tent that he went on the latter's appearance bond when he was arrested two days later on intervener's complaint. The jury returned a general verdict in favor of intervener and against plaintiff, but in answering special interrogatories stated that plaintiff, at the time he took the certificate of deposit, did not have any notice or knowledge that his indorser, the gambler, had obtained it by fraud and without consideration. *Held*, that under Comp. Laws, § 4739, providing that good faith consists in an honest intention to abstain from taking any unconscientious advantage of another, together with an absence of all information or belief of facts which would render the transaction unconscientious, the plaintiff was not a bona fide purchaser of the certificate, notwithstanding the special verdict that plaintiff was without knowledge of the fraud, and hence was not entitled to recover.

2.  One who has been defrauded out of a certificate of deposit by a gambler is not estopped from denying the title of the indorsee of such gambler (the indorsee not being a bona fide purchaser) by the fact that he was present when the transfer was made and made no objections; his presence being merely an incident to the scheme to defraud.

(Opinion filed April 1, 1902.)

Appeal from circuit court, Lincoln county. HON. JOSEPH W. JONES, Judge.

Action by Frank Dunn against the National Bank of Canton, in which J. A. Keller intervened. From a judgment in favor of the intervener, plaintiff appeals. Affirmed.

*M. E. Rudolph* and *L. B. French,* for appellant.

*C. B. Kennedy,* for respondent.

HANEY, P. J. The plaintiff seeks to recover upon a certificate of deposit for $695, issued by the defendant. Defendant denies that plaintiff owns the certificate, and the intervener claimes that he is the owner of it. Whether the certificate is owned by the plaintiff or the intervener is the only controversy.

Upon the trial the jury returned the following verdict: "We,

the jury in the above-entitled action, find for the intervener, J. A. Keller, on all the issues against plaintiff, Frank Dunn, and we further find in his favor against the National Bank of Canton in the sum of $743.65. We, the jury in the above-entitled action, find for the National Bank of Canton and against the plaintiff on all the issues." The jury in answer to the interrogatories submitted to them by the court, returned the following special verdict and findings: "(1) Did the intervener, J. A. Keller, loan to Bowers in any manner, while in the gaming room, the certificate of deposit to enable Bowers to engage in gambling? Answer. No. (2) Did the plaintiff, Frank Dunn, at the time he took the certificate of deposit in the presence of Keller, have any notice or knowledge that Plummer had obtained the certificate of deposit from Keller by fraud and without consideration? Answer, No. (3) How much did the plaintiff, Dunn, pay for the certificate of deposit? Answer. $692.50. (4) Did the plaintiff, Dunn, afterwards receive back from Plummer the sum of $642.50, and place the same to Plummer's credit? Answer, Yes. (5) Did Plummer afterwards draw out said sum so placed to his credit at Dunn's? Answer, Yes. (6) If you answer the last question 'Yes,' state whether, at the time Plummer drew out the money placed to his credit, did Dunn know that the certificate was procured from Keller by fraud or without consideration? Answer, Yes. Judgment was rendered in favor of the intervener, against the defendant for the amount of the certificate with interest, and against the plaintiff dismissing his complaint upon the merits. Plaintiff's application for a new trial was denied, and he appealed.

The contention that the intervener is a mere interloper and that his complaint in intervention should have been dismissed is untenable. The law of this case was otherwise determined on a former appeal. For the same reason it cannot now be contended

that the court erred in charging the jury that if they believed from a preponderance of the evidence that the certificate was obtained from the intervener by fraud, or without consideration, then the burden of proof rested upon the plaintiff to establish by a preponderance of the evidence that he bought it in good faith, and for a valuable consideration. Dunn v. Bank, 11 S. D. 305, 77 N. W. 111; Sherman v. Thresher Co., 13 S. D. 95, 82 N. W. 413; Wright v. Lee, 10 S. D. 263, 72 N. W. 895; Lumber Co. v. Mitchell, 4 S. D. 487, 57 N. W. 236; Tanderup v. Hansen, 8 S. D. 375, 66 N. W. 1073. It is disclosed by the evidence that the certificate was obtained from the intervener, to whom it was originally issued, by means of fraud, and without consideration, by professional gamblers, from one of whom it was received by the plaintiff and with whom the plaintiff was so intimately acquainted that he became their bail when arrested, upon the charge of having defrauded the intervener, within two days after he received the certificate. It is also clearly shown by the evidence, and found by the jury, that the plaintiff paid only $50 on the purchase price of the certificate before he knew that it had been obtained through fraud and without consideration. Were it conceded that plaintiff purchased the certificate in good faith, he would only be entitled to recover the amount paid on the contract of purchase before he received notice of the fraud. Dresser v. Construction Co., 93 U. S. 92, 23 L. Ed. 815; Harrington v. Mining Co. (Mont.) 48 Pac. 758. But the record does not establish the fact that plaintiff was the purchaser in good faith. It cannot be presumed that the jury disregarded the instructions of the court in any respect. Under its charge they necessarily found by their general verdict that the plaintiff did not buy the certificate in good faith and for a valuable consideration. The evidence that he paid $50 is undisputed. Hence they found that he was not a

purchaser in good faith, unless there is something in the special findings inconsistent with the effect of the general verdict. The finding that the plaintiff did not have any notice or knowledge, when he took the certificate, that it had been obtained through fraud, falls far short of establishing the fact that he was a bona fide purchaser. Good faith consists in an honest intention to abstain from taking any unconscientious advantage of another, even through the forms or technicalities of law, together with an absence of all information or belief of facts which would render the transaction unconscientious. Comp. Laws, § 4739. Doubtless, the plaintiff was not in the gambling den when the intervener was being "buncoed." He may not have actually known when the intervener, a stranger, was brought to his place of business to have the certificate cashed, precisely what methods had been employed to induce him to part with it, but the inference is fair and reasonable that his information regarding the character and vocation of the person who brought him was such that he could not have believed the parties had been engaged in an honest transaction. Upon all the evidence in this record, we do not believe any intelligent and impartial jury would find that the plaintiff acted in the absence of all information or belief of facts which would render his purchase of this certificate unconscientious, and as we construe the general verdict in connection with the answers to the several interrogatories, and the court's charge, the jury before whom the case was tried did not so find.

There is no merit in the contention that the intervener is estopped to deny the plaintiff's title by reason of having been present when the certificate was delivered to the plaintiff without making any objection to the transfer. How can the doctrine of estoppel in *pais* be invoked for the protection of one who acts in bad faith? The foundation of such an estoppel is the honest and reasonable belief

of the person in whose favor it is asserted. The court below very properly charged the jury to consider the intervener's conduct when plaintiff received the certificate in determining the question of the plaintiff's good faith, and as has been shown the jury found against the plaintiff on that issue. If the plaintiff was not a *bona fide* purchaser his title is no better than that of the gambler who first obtained possession of the certificate. The intervener is no more precluded from seeking to recover his property, by reason of being present when the pretended transfer to the plaintiff was made, than he is by reason of the fact that he voluntarily played cards, indorsed the certificate, and delivered it to the men who were fleecing him by a very common and old-fashioned method. His presence in plaintiff's place of business at the time of the transfer was merely an incident of the scheme to fraudulently secure his property.

Finding the record free from reversible error, the judgment of the circuit court is affirmed.