## McGill v. Young *et al.*

1. Where, in an action on a note by an indorsee, fraud in the execution of the note, pleaded as a defense, was clearly established, the fact that plaintiff's evidence was not directly contradicted did not require the direction of a verdict for plaintiff; the jury being warranted, from facts and circumstances disclosed by plaintiff, in inferring that he was connected with the payee in the perpetration of the fraud.

2. In an action by an indorsee on a note obtained by fraud, where defend-

ant claimed that plaintiff was not a bona fide purchaser for value, an instruction merely stating the claims of both parties, and concluding that the jury should determine the question whether or not plaintiff was a purchaser in good faith, for value, before the note became due, was proper.

3.  Where a note sued on by the indorsee was void for fraud as between the original parties, an instruction that if, after considering all the evidence, and the circumstances disclosed by the evidence, the jury were satisfied that plaintiff was not a purchaser of the note sued on, in good faith, for value, before maturity, in the ordinary course of business, the verdict should be for defendants, was not misleading by the use of the words "circumstances disclosed by the evidence."

4.  In an action by an indorsee of a note obtained by fraud, the burden of proof is on the plaintiff to show himself a purchaser in good faith.

(Opinion filed Dec. 31, 1902.)

Appeal from circuit court, Spink county; Hon. A. W. CAMPBELL, Judge.

Action by W. J. McGill against F. Young and another. From a judgment in favor of defendants, plaintiff appeals. Affirmed.

*W. F. Bruell,* for appellant.

*N. P. Bromley,* for respondents.

At the close of all the evidence the plaintiff moved the court to direct a verdict in his behalf on the ground that it was shown by the uncontradicted evidence that the plaintiff was the purchaser of the note in good faith, for value, and without notice of the defense set up in this action. The motion was denied, and we think correctly. It is true that the evidence of the plaintiff was not directly contradicted, but there were circumstances disclosed by it from which the jury might have drawn the inference that he was connected with Collins in the perpetration of the fraud, or had sufficient notice of the fraud to estop him from claiming to be a bona fide purchaser for value. The fraud in the giving of the note being established, the burden was upon the plaintiff to prove that he was a purchaser in good faith, for value, and without notice of the fraudulent character of the transaction. Landauer v. Improvement Co., 10 S. D. 205, 72 N. W. 467; Kirby v. Berguin, 15 S. D. 444, 90 N. W. 856; Dunn v. Bank, 11 S. D, 305, 77 N. W. 111; Id., 90 N. W. 1045; Joy v. Diefendorf, 130 N. Y. 6, 28 N. E. 602, 27 Am. St. Rep. 484. Not only was it proper to submit to the jury the questions of fact arising from the evidence, but also the credibility of the witness. The plaintiff was the only witness in his own behalf, and, being interested in the result of the action, the jury had a right, in view of such interest and the manner in which he gave his evidence, to disregard the same, as not entitled to credit. In Honegger v. Wettstein, 94 N. Y. 253, the testimony was not directly contradicted, and the court therefore refused to submit the question of the credibility of the witness to the jury. On appeal this ruling was assign-

ed as error, and in disposing of it the court of appeals says: "We also think that the court erred in refusing to submit to the jury the question made as to the credibility of the witness Ochninger. Although not contradicted, he was an interested party, and had a direct interest in increasing the fund in the hands of the receiver, and preventing its payment to the plaintiff." The same view of the law was taken by that court in McNulty v. Hurd, 86 N. Y. 547. The case of Joy v. Diefendorf, supra, is analogous to the case at bar. The principle defense relied on in that case to defeat the action was that plaintiff was not a bona fide holder of the note. The court, in its opinion, says: "The evidence given on the part of the defendant was sufficient to warrant the conclusion that the note had been obtained from him through a fraud practiced upon him by Henderson and Van Valkenburgh, and the burden was thus cast upon the plaintiff to show that he was a bona fide purchaser. Vosburgh v. Diefendorf, 119 N. Y. 357, 23 N. E. 801, 16 Am. St. Rep. 836, and cases cited. This burden the plaintiff met by his own evidence as to the circumstances attending the purchase, and his knowledge of the party from whom he obtained it, and the credibility of his testimony was for the jury to determine. That question was decided in Bank v. Diefendorf, 123 N. Y. 191, 25 N. E. 402, 10 L. R. A. 676. That case was upon a note obtained by the same parties from this defendant, and grew out of the same transaction as the note in suit, and was transferred to the Bank of Henderson. The question of the good faith of the bank's purchase depended entirely upon the evidence of its cashier, and it was held that his relation to the bank and his interest in the transaction brought him within the rule that the credibility of a party or an inter-

ested witness is a question for the jury to determine. No distinction in this respect is apparent between that case and the one under consideration. The court therefore erred in refusing to submit the case to the jury, and the judgment must be reversed."

It is further contended on the part of the appellant that the court erred in instructing the jury as follows: "On the other hand, the defendants claim that the circumstances disclosed by the evidence showed that this man McGill was not a purchaser in good faith, that it was 'sold after it was due, and that, if there was any sale, it was merely colorable and for the purposes of this suit. It is claimed that McGill was not an innocent purchaser, but that he had such knowledge of the circumstances as would require him to make some research and inquiry as to the notes before buying. The defendants claim that these circumstances show that McGill was not a purchaser in good faith, even though he paid a valuable consideration. You gentlemen will have to determine the question whether or not McGill was a purchaser in good faith, for value, before the note became due." We discover no error in this instruction. As will be noticed, it was mainly a statement of the claims of the respective parties, and the only part which could be called an instruction is the part of it in which the court instructs the jury that they will have to determine whether or not McGill was a purchaser in good faith, for value.

It is further contended that the court erred in instructing the jury as follows: "But if, after considering all the evidence in this case, and the circumstances disclosed by the evidence, you are satisfied that McGill was not a purchaser, in good faith, for value, before maturity, in the ordinary course of

business, then your verdict would be for the defendants, for in that case the plaintiff could not recover." It is claimed by the appellant that the jury were liable to be misled by the expression ''circumstances disclosed by the evidence." But we are of the opinion that the court's instruction was perfectly proper. The plaintiff had admitted in his testimony that he purchased the note at a very large discount; that he lived in a distant state; that he knew Collins, the payee of the note; that he was not a banker or engaged in the business of discounting notes; and the jury might very properly say from these circumstances that the transaction was an unusual one, and that they were satisfied that the plaintiff knew of the fraud perpetrated upon the defendant by Collins, or had notice of facts sufficient to put him upon inquiry as to the manner in which the note had been procured.

The appellant further contends that the court erred in instructing the jury, "The burden of proof in this case is upon the plaintiff upon the question as to whether or not the plaintiff was a purchaser in good faith." But the law laid down by the trial court may be regarded as fully established in this jurisdiction, and need not be further discussed. See cases above cited in this opinion.

Finding no error in the record, the judgment of the court below and the order denying a new trial are affirmed.