## ROCHFORD v. BARRETT.

The rule against evidence tending to vary or contradict the terms of a written instrument is not violated by evidence tending to prove fraud in obtaining it, such evidence not being admitted to vary or contradict it, but to prove that the instrument had no legal existence or binding force.

The fraudulent intent of parties to a transaction may be established by inference from their acts, and need not be proven by direct testimony.

Persons representing themselves as agents of a company for the sale of a machine for making wire fences engaged defendant as agent for a particular locality, taking from him as security a note, and agreeing to furnish him with machines for himself, and subagents whom he might appoint. It was agreed that the note should be deposited in a bank selected by defendant, and that the agents would assist defendant in appointing subagents, and would furnish him printed instructions for using the machines. After procuring a note from a subagent appointed by them, they sold both notes to plaintiff and left the country. They furnished no blanks nor machines, and when they secured the subagent's note they took the entire proceeds, including

defendant's share. **Held** evidence of a fraudulent intent on the part of the agents in obtaining the note sued on.

Fraud in obtaining the note sued on being established, prima facie evidence arising from its ownership that it was acquired bona fide and for value is overcome, and the burden shifts to plaintiff to establish by preponderance of the evidence that he is a bona fide holder for value.

In view of Rev. Civ. Code, § 2452, declaring that every person who has actual notice of circumstances sufficient to put a prudent man on inquiry as to a particular fact, and who omits to make inquiry with reasonable diligence, is deemed to have constructive notice of the fact itself, where the agent of a purchaser of a note obtained by fraud had sufficient notice to put the purchaser on inquiry as to the manner in which it had been obtained, and failed to make such inquiry of the proper parties, he is concluded by the facts which could have been ascertained had he done so.

(Opinion filed, March 7, 1908.)

Appeal from Circuit Court, Minnehaha County. Hon. JOSEPH W. JONES, Judge.

Action by G. E. Rochford against George W. Barrett. From a judgment for defendant, plaintiff appeals. Affirmed.

*Joe Kirby*, for appellant. *Davis, Lyon & Gates*, for respondent.

CORSON, J. This action was instituted by the plaintiff as indorsee of a negotiable promissory note executed by the defendant to "the Practical Wire Fence Company" for the sum of $300. The defendant pleaded as a defense to the action that it was obtained from him by fraud. Verdict and judgment being in favor of the defendant, the plaintiff has appealed. Numerous errors are assigned, but appellant in his brief presents them under three heads: (1) Insufficiency of the evidence to sustain the defendant's defense; (2) errors in the receipt and rejection of evidence; (3) errors of the court in its instructions to the jury. The defense seems to have been based upon the statute defining actual fraud, which consists of any acts committed by a party to the contract "fitted to deceive" and promises made by the agent without any intention of performing them. Section 1201, Rev. Civ. Code.

It appears by the evidence of the defendant as a witness in his own behalf, in substance, that one Newcome appeared in Sioux Falls representing himself as the agent of the Practical Wire Fence

Company of Huntington, Ind., for the sale of machines for making a peculiar kind of wire fence; that the agent set up a machine in said city, and the witness saw and examined it, and the agent explained to him the method of using the same; that the agent also gave to the defendant one of their books describing it; that the witness took the book which was in the nature of a printed catalogue; that the witness examined the catalogue, and in a day or two thereafter saw the said Newcome again, who introduced to the witness another agent, Mr. Mitten; that he went with Mr. Mitten to his room, and was informed by him that the company would like to appoint the witness as agent for the sale of machines in Minnehaha county, but that it would be necessary for him to give to the company security for the faithful performance of his duties, and that they would accept a note from him for $300, which he agreed should not be used by the company, and deposited in any bank selected by the witness; that the witness designated a certain bank in Sioux Falls as the one in which he desired the note to be deposited; that the company would furnish him with 15 machines for his township agents that he might appoint, and furnish him the machine at 2.50 each, which he could sell to the township agents for $5 each, and which they could sell to customers at $10 each, and that the township agents would pay $100 for their appointments, $37.50 of which should be paid to the witness; that thereupon the witness executed the note in suit; that said Mitten gave him a contract appointing him as agent for Minnehaha county for the period of three years with the right to appoint township agents; that the said Mitten agreed to remain and assist the witness in the appointment of township agents, and furnish the necessary printed instructions for them as to the manner of using the machines; that said Mitten and Newcome appointed one Nels Peterson township agent, from whom they secured a note for $100; that two or three days thereafter they sold defendant's said note and the Peterson note to the plaintiff; and left the city, and that the witness had not seen them since; that no machines came; and that the witness wrote the company a letter, to which the company replied that the machines would be shipped the next day, but that none came until after this action was commenced, when one was then shipped, but that the witness had never taken it from the depot.

It is contended by the appellant that the admission of the evidence in regard to the transactions between the defendant and Mitten and Newcome as agents of the company, and the admission of the contract in evidence appointing the defendant as agent, constituted error, for the reason that such evidence tended to vary and contradict the terms of the written instrument. But this contention is clearly untenable. Evidence tending to prove fraud in obtaining a written instrument is always admissible, not for the purpose of varying or contradicting the terms of the instrument, but to prove that such instrument has no legal existence or binding force. In discussing this subject Mr. Greenleaf in his work on Evidence, vol. 1, § 284, says: "It is in the next place to be noted that the rule is not infringed by the admission of parol evidence, showing that the instrument is altogether void, or that it never had any legal existence or binding force; either by reason of fraud, or for want of due execution and delivery, or for the illegality of the subject-matter. This qualification applies to all contracts whether under seal or not." Kirby v. Berguin, 15 S. D. 444, 90 N. W. 856; Newman v. Smith, 77 Cal. 22, 18 Pac. 791; Ins. Company v. Wilkinson, 13 Wall. (U. S.) 222; State v. Cass, 52 N. J. Law, 77, 18 Atl. 972. It was competent, therefore, for the defendant to prove all the various acts on the part of the agents of the company for the purpose of showing that they were engaged in a fradulent scheme to obtain from him the note sued upon, and the court was therefore clearly right in admitting the evidence tending to prove such fradulent acts of the agents in obtaining said notes. The theory of the defense was that the exhibition of the workings of the machine, the book or catalogue describing it, and the appointment of the defendant as local agent for Minnehaha county, and the agreement to deposit the note in a bank designated by the defendant were all parts of a fradulent scheme to secure from the defendant his note. Under the theory of the defendant these were all successive steps in the scheme to defraud the defendant; that the promise made to the defendant to deposit the note in such bank as he might designate, and to allow the defendant $37.50 collected of the township agents, were promises made without any intention of performing them.

In our opinion the evidence was clearly admissible and sufficient to warrant the jury in finding that the agents of the company obtained the note by fraud.

It is further contended by the appellants that there was not sufficient proof of a fraudulent intent on the part of the agents, but we cannot agree with counsel in this contention. The intention of parties cannot often be proven by direct testimony, but it may be established by inference from the acts of the parties. It seems to be a general and well-established principle that every one must be presumed to intend the necessary consequences of his own acts. Toof v. Martin, 13 Wall, (U. S.) 40. It will be observed from the evidence that as soon as the agents had procured the note of the defendant and the note of Peterson they sold the notes and left the country. They furnished no blanks, nor any sample machine, nor any machines; that when they secured Peterson's note they took the entire proceeds of it including the defendant's share of $37.50; that instead of depositing the note executed by the defendant in the bank as they had agreed to do they immediately sold and transferred it to the plaintiff. This evidence tends to prove a fraudulent intent on the part of the agents in obtaining the note, and was properly admissible as evidence. Maxson v. Llewelyn, 122 Cal. 195, 54 Pac. 732; Oswego Starch aFctory v. Lendrum, 57 Iowa, 10 N. W. 900; 6 Enc. of Evidence, 19-20.

In the latter work the learned author says: "It is not true that the law will never imply or infer fraud without direct and positive proof, but, on the contrary, it is always permissible to prove it by any circumstances from which it may follow as a legitimate inference, and in most cases such circumstances are the only evidence available." In support of the latter proposition the author cites a very large number of authorities from nearly all the states of the Union. In Maxson v. Llewelyn, supra, the Supreme Court of California, in discussing this subject, says: "It would in most cases be extremely difficult, and in many cases absolutely impossible, to procure direct evidence of this nature. In all cases it is permissible to prove fraud by circumstances, and in most cases it is the only evidence available." The fraud being established, the prima facie evidence arising from the ownership of the note that

it was acquired bona fide and for value was overcome, and the burden shifted to the plaintiff to establish by a preponderance of the evidence that he was a bona fide holder of the note for value. Landauer v. Sioux Falls Imp. Co., 10 S. D. 205, 72 N. W. 467; Kirby v. Berguin, 15 S. D. 444, 90 N. W. 856; McGill v. Young, 16 S. D. 360, 92 N. W. 1066; Bank v. Sherman & Bratager,, 19 S. D. 238, 103 NW. 19.

The evidence in our opinion was such that the jury was warranted in finding that there was not a preponderance of evidence in favor of the plaintiff being a bona fide holder of the note for value. There was clearly sufficient notice to Kirby, who was agent of the plaintiff in the purchase of the note, to put the plaintiff upon inquiry as to the manner in which the note had been obtained, and, failing to make such inquiry of the proper parties, the plaintiff is concluded by the facts which could have been ascertained had he made such inquiry. Section 2452 reads as follows: "Every person who has actual notice of circumstances sufficient to put a prudent man upon inquiry as to a particular fact, and who omits to make such inquiry with reasonable diligence, is deemed to have constructive notice of the fact itself." Betts v. Letcher, 1 S. D. 193, 46 N. W. 193; Meyer v. Davenport El. Co., 12 S. D. 175, 80 N. W. 189; Heumphreus v. Ry. Co., 8 S. D. 103, 65 N. W. 466; McGill v. Young, supra; Kirby v. Berguin, supra; Iowa National Bank v. Sherman & Bratager, supra. We are of the opinion that the jury were justified in finding that the plaintiff had such notice.

The plaintiff also contends that the court erred in its instructions to the jury on the ground that the court instructed the jury as to issues not raised by the pleadings and as not sustained by competent evidence. But after a careful examination of the charge we are of the opinion that the court committed no error in its instructions, and that it very fairly and fully submitted all the issues and questions properly raised to the jury. Of course, as in most trials, the plaintiff had one theory as to the effect of the evidence, and the defendant had a different theory, and in such case it is the duty of the court to so charge the jury as to present the law applicable to either theory of the case, and such seems to

have been the course pursued by the court in this case.

Finding no error in the record, the judgment of the circuit court, and order denying a new trial, are affirmed.