[File No. 6455.]

FRED ROTT, Respondent, v. PROVIDENT LIFE INSURANCE COMPANY, a Corporation, Appellant.

(274 N. W. 849.)

Opinion filed August 18, 1937.

*Dullam & Young,* for appellant.

*Jacobsen & Murray,* for respondent.

Morris, J. This is an action to recover on a joint policy of life insurance upon the lives of the plaintiff, Fred G. Rott, and his wife, Lydia Rott. Lydia Rott died on November 8, 1931. The defendant claims that the policy lapsed prior to her death. The case was tried to a jury which found in favor of the plaintiff. The defendant appeals from the judgment and from an order denying a new trial, and urges insufficiency of the evidence to support the verdict.

A joint policy was issued on the lives of Fred Rott and Lydia Rott by the defendant on September 27, 1926, for $11,700.00, on which the semi-annual premiums were $286.01. This policy lapsed September 1, 1928. Thereafter plaintiff, through a bank in Bismarck, paid to the defendant $278.81, but due to the fact that the policy had lapsed this sum was held until health certificates were furnished on June 10, 1929. In the meantime the plaintiff had decided that he was unable to carry the full amount of this policy. In accordance with his request when the reinstatement was made, the amount was reduced to $5,850.00 which was one-half of the old policy. The reinstatement was accomplished by taking up the old policy and issuing a new one for the reduced amount, dated back to September 27, 1926, but at the same premium rate. The amount of the annual premium on the new policy was $275.01. The policy contains a provision for guaranteed non-forfeiture values and benefits, accompanied by a table which indicates that if the policy is in force for three years the insurance will automatically continue as joint term insurance for a period of two

years and three days. There is no provision for any automatic extension of insurance unless the policy has been in force for three years. Therefore, if default occurred and the policy lapsed for failure to pay premiums due during this period, the insurance terminated at the end of the period for which premiums were actually paid and there was no extended insurance.

The plaintiff testified that he had paid the defendant over $1400.00, but produced no premium receipts and but one check for $286.01 dated October 22, 1927. It is stamped paid on October 27 and defendant's records show that he was given credit for the amount of the check on that date. He claims that checks by which other payments were made are in the hands of a receiver and he is unable to get them. The plaintiff also testified that after getting a notice that the policy had lapsed, he went to the defendant's office and talked to Miss Beach, who was assistant secretary and actuary of the company, and asked her to look at the books and figure out how much he had paid in. As she read off the figures he took them down on a slip of paper, which the plaintiff introduced in evidence. According to this memorandum the plaintiff made the following payments.

| | | | | |
|---|---|---|---|---|
| "9/30/26 | - | - | - | 286.01 |
| 4/18/27 | - | - | - | 286.01 |
| 9/27/27 | - | - | - | 286.01 |
| 4/23/28 | - | - | - | 43.01 |
| " | - | - | - | 43.00 |
| 6/24/28 | - | - | - | 100.01 |
| 6/24/29 | - | - | - | 170.04 |
| 12/20/28 | - | - | - | 278.21 |

1492.30 "

The defendant admits receiving the amounts shown on this memorandum except the last one which Miss Beach testified is a duplication of payments already credited and to substantiate her testimony produced the premium card which is the defendant's original record. If the amounts shown on the memorandum were actually paid they are sufficient to keep the policy in force long enough so that continued insurance provided for in the policy would have kept it in effect up

to the date of death of Lydia Rott. On the other hand if the last item on the memorandum is omitted, the payments are only sufficient to pay the premiums for two full years and a part of the premium for the third year; the deficiency on the third year's premium being $104.96, for which the plaintiff gave his note dated December 20, 1928, due October 27, 1929. This note was never paid but was returned to the plaintiff, and according to its terms did not constitute a payment of premium.

The defendant strenuously objected to the reception in evidence of the memorandum upon the ground that the witness was not clear as to when it was made, that it is not binding on the company, not a memorandum made by the defendant, and "is the testimony of the witness as to what was told to him but is not the admission of the defendant company." The amount paid is the vital issue of this case. The memorandum bears directly upon this issue. The plaintiff contends that the memorandum of the figures read to him by the secretary of the defendant corporation is an admission of the corporation against interest, and as such is competent, material, and is entitled to be admitted in evidence.

Book entries which constitute admissions against interest are admissible in evidence. 22 C. J. 889. The memorandum, according to plaintiff's testimony, contains the figures that were read to him by the secretary. At best it constitutes but an admission of an admission against interest. It is the secretary's admission of entries on the books which entries constitute admissions against interest of the corporation. The record shows no demand to produce the books at the trial. If the books contain such admissions as the plaintiff contends, the entries in such books are the best evidence thereof. If the defendant's books show that enough money was paid in by the plaintiff to keep the policy in force at the time of the death of plaintiff's wife, the entries showing such payments are admissible. In the absence of a demand and failure to produce the books, the evidence of what the secretary said the books contained is but secondary evidence, not binding upon the defendant, and inadmissible. The entries themselves constitute the admissions which the plaintiff seeks to prove. The statement of an officer of the company as to what these entries are even if purported to be read from the books, is inferior evidence to

the books themselves. The admission in evidence of the memorandum was error, which, in view of the vital nature of its contents, necessitates the granting of a new trial.

As to other errors specified by the appellant, they present questions that are not likely to arise upon a retrial of the case, and it is, therefore, unnecessary to consider them. The appellant also challenges the sufficiency of the evidence to support the verdict, but in view of the fact that upon a new trial had under the law set forth in this opinion, the evidence will be different from that contained in this record, it will serve no useful purpose for us to comment here upon the sufficiency of the evidence now before us. The judgment is reversed and a new trial ordered.

CHRISTIANSON, Ch. J., and BURR, J., and GRONNA and ENGLERT, Dist. JJ., concur.

Mr. Justice NUESSLE, deeming himself disqualified, did not participate.