[File No. 6570.]

FRED ROTT, SR., Respondent, v. PROVIDENT LIFE INSURANCE COMPANY, a Corporation, Appellant.

(286 N. W. 393.)

336.

Opinion filed May 13, 1939. Rehearing denied June 28, 1939.

*Dullam & Young,* for appellant.
*Jacobsen & Murray,* for respondent.

GRIMSON, Dist. J. The plaintiff brings this action to recover upon a joint life insurance policy written by the defendant on the lives of the plaintiff and his wife, Lydia Rott. Originally this policy was for $11,700 and issued on September 27, 1926. In June, 1929, the policy, upon the application of the plaintiff, was reduced to $5,850. A new policy for that amount was issued to him, but dated back to September 27, 1926, when the original policy was issued. The defendant's wife, Lydia Rott, died on the 8th day of November, 1931. The sole matter in issue is whether sufficient payments of premium had been made on the policy to maintain it in force on that date.

This case was before this court once before. Rott v. Provident L. Ins. Co. 67 N. D. 529, 274 N. W. 849. At that time this court reversed the judgment for the plaintiff on the ground that a memorandum of what the defendant's secretary said had been paid on premiums was improperly admitted. Now the case has been retried and the jury again found in favor of the plaintiff. Defendant appeals from the judgment and from an order denying a new trial. In addition to the insufficiency of the evidence, again urged, the defendant now alleges errors in the instructions and newly discovered evidence.

Instead of using the memorandum held improper by this court the plaintiff now testifies directly to sufficient payments to keep the policy in force. The testimony of the defendant to the contrary shows pay-

ments only of the first two years' premiums and a portion of the third year. The balance of the third year was, according to defendant's testimony, in June, 1929, settled by note, which kept the policy in force until the due date thereof, October 27, 1929, but conditioned upon payment at that time. It was not paid, but returned to the plaintiff. According to its terms nonpayment ipso facto lapsed the policy and reduced all nonforfeiture benefits, including extended insurance, to what they would have been had the note never been given. As none of the nonforfeiture benefits accrued to the policy until after three years' premiums had been paid, it is the contention of the defendant that none existed here and the payment of two years and a part of the third year was insufficient to obtain any extended insurance, and that the policy had lapsed long before the death of Lydia Rott.

The defendant produced several letters that had been exchanged between the parties. Amongst these was a letter that had been written by the defendant to the plaintiff dated June 21, 1928, Exhibit 9, reading:

"Dear Mr. and Mrs. Rott:

We are in receipt of your policy No. 17232 which has been reduced to $5850.00 insurance and which we return together with receipt for cash and note which takes care of premiums to October 27, 1929, and which is the date of maturity of the note. When this note of $104.96 is due we want to remind you that another premium of $275.01 will also be due."

The court charged the jury as follows:

"Under the provisions of the policy, which I desire to call your attention to, and which has a direct bearing on the question of whether or not the policy was in force at the date of her death, reads as follows: 'Automatic Extended Insurance: If any premium payable after the third year from the date hereof shall not be paid on or before the date when due, the full amount of insurance hereunder will, without action upon the part of the Insured, automatically continue from said due date as joint term insurance, during the term, including the period of grace, specified in column three of the accompanying Table; such joint term insurance shall be without loan or surrender value benefits.'

"That special provision of the policy is what is known as Automatic Extended Insurance, and it refers to Column Three below on this slip

that is stuck onto and attached to the insurance policy, and in Column Three, you will find that reads as follows: After the policy has been in force for three years, the extended insurance period is two years and three days, including the period of grace, which is 31 days. That is correct, is it not?

"Mr. Murray: Thirty days.

"The Court: Including the period of grace, which is thirty days.

"Now in determining whether or not this policy was in force at the time of her death, it will be necessary for you to start your computation at the date that this policy went into force and effect, which, according to its terms, was September 27th, 1926. You will figure from that time, whether the insurance had been in force three years prior to the time of her death. If it had not been in force for three years, then the provisions with reference to the automatic extended insurance do not apply. But if it was in force for three years prior to her death, then you will determine from the evidence in the case, how much premium was paid and to what time those payments carried the policy, and then add to that period the automatic extended insurance provision as outlined by me in these instructions, and you will also be permitted to examine the exhibits which will be in your hands."

Error is assigned on the last paragraph of this charge and as it includes the first part by reference, both parts must be considered together. Nowhere else in the charge are these features of the case further covered. A careful analysis of these instructions shows them to be confusing and misleading.

In the first place the statement that the jury must determine if the policy had been in force three years prior to the time of death of the insured is misleading and confusing. The question to determine was whether this insurance was in force three years subsequent to the date it became effective in order to find whether the provisions for extended insurance applied.

Next the jury is told that if the insurance was in force three years they should proceed to determine the time for which payments were made and add to that the time of the extended insurance. The defendant admits the policy was in force three years, but contends that was by virtue of the note rather than the payment of premium, and

conditioned upon the payment of the note. No distinction, however, is made in the instructions as to that. If Mrs. Rott had died before the note became due, the policy was in force. From that fact and the letter above referred to stating the premiums were taken care of to October 27, 1929, the jury could draw the inference under these instructions that the extended insurance could be added after that time which was more than three years from the effective date of the policy irrespective of whether the note was paid or not. The instruction amounts to a misdirection when it says the extended insurance applies when the policy has been in force three years, without saying it must have been in force by virtue of actual payment of premiums, and not by virtue of a note conditioned that if not paid the time covered by the note should not be included. From the defendant's standpoint, this was one of the important points in the case and was not properly explained to the jury.

Finally, with reference to the extended insurance, it is apparent the number of days of grace is emphasized in the charge. It is true the court says that two years and three days of extended insurance included that period, but the instructions were oral. It was necessary to mention the number of days only if they were to be added to the period of extended insurance, otherwise, the number of days of grace would make no difference. When told repeatedly that the period of grace was thirty days it would tend to mislead the jury into believing that the number of days could be added to the extended period provided by the policy, particularly as the letter already referred to stated the note "takes care of premiums" until October 27, though the due date of the premium was September 27; clearly the period of extended insurance began on September 27.

Under these instructions as given, and under the state of the evidence including that of the defendant, the jury could and easily might have been led to allow the thirty days of grace after October 27, 1929, which would bring the policy down to November 26, 1929, and then add two years and three days making the insurance in force to November 26, 1931, or eighteen days beyond Mrs. Rott's death.

Therefore, considered in connection with the instructions referred to, and the state of the evidence, this instruction excepted to is confusing and might easily mislead the jury upon an important issue in the

case on which the evidence is conflicting and the case close. It amounts to a misdirection.

Instructions should be clear, accurate, and concise. They must be understandable and easily and readily applied to the facts under consideration. 64 C. J. 666; 14 R. C. L. 770. They should fully cover the claims made by both sides of the case. Rochford v. Barrett, 22 S. D. 83, 115 N. W. 522; 64 C. J. 597; Reid's Branson, Instructions to Juries, p. 17, § 11. Instructions of the trial court must be viewed in the light of evidence on which they operate. Whether an erroneous instruction is prejudicial depends on the evidence before th jury as well as the specific language used. Drum Standish Commission Co. v. First Nat. Bank & T. Co. 168 Okla. 400, 31 P. (2d) 843; 1 Brickwood Sackett, Instructions, p. 151, § 172; 5 C. J. S. 1112; 3 Am. Jur. 643, Appeal and Error. If it appears that an instruction tended to mislead and confuse the jury and adversely affected substantial rights of the complaining party, it is prejudicial and reversible. 3 Am. Jur. 643, Appeal and Error; Welter v. Leistikow, 9 N. D. 283, 83 N. W. 9; 46 C. J. 122; Central of Georgia R. Co. v. Coleman, 19 Ga. App. 799, 92 S. E. 295.

Another ground alleged for a new trial is the discovery of new evidence. This consists of evidence rebutting some of the claims made by the plaintiff on the witness stand. While in a clear case the showing of diligence on the part of the plaintiff and of the conclusiveness of the newly discovered evidence might not be sufficient, yet in a doubtful case that should be resolved in favor of the applicant. 46 C. J. 267.

A new trial being necessary, comment on the sufficiency of the evidence at the last trial would be improper.

Reversed and new trial granted.

BURR, CHRISTIANSON, MORRIS, and BURKE, JJ., concur.

NUESSLE, Ch. J., disqualified, did not participate, HON. G. GRIMSON, Judge of Second Judicial District, sitting in his stead.