Floyd PERLEBERG et al., Plaintiffs
and Appellees,

v.

GENERAL TIRE AND RUBBER COMPA-
NY, a corporation, and Raymond Kran-
ick, Defendants and Appellants.

Civ. No. 9002.

Supreme Court of North Dakota.

Aug. 29, 1974.

Traynor & Rutten, Devils Lake, for defendants and appellants.

Robert C. Heinley, Carrington, and Kenneth M. Moran, Jamestown, for plaintiffs and appellees.

PAULSON, Judge.

Floyd Perleberg and Barbara L. Perleberg, individually, and Floyd Perleberg, as administrator of the Estate of David Perleberg, Deceased [hereinafter "the Perlebergs"], brought this action against the defendants, General Tire and Rubber Company, a corporation, and Raymond Kranick [hereinafter General Tire and Mr. Kranick] to recover damages for the wrongful death of their son, David Perleberg, who was fatally injured by the truck driven by Mr. Kranick, which truck was owned by General Tire.

General Tire and Mr. Kranick filed an answer asserting that the Perlebergs assumed the risk by permitting their 2-year-old child to be unattended while playing; that the Perlebergs were negligent in leaving their child uncontrolled and unsupervised; and that such negligence was the proximate cause of any damage to the Perlebergs and, accordingly, that the Perlebergs were barred from recovering; and that the Perlebergs were contributorily negligent in that the injuries to their son David resulting in his death were proximately caused or were contributed to by the negligence of Floyd and Barbara L. Perleberg, and not by the negligence of General Tire and Mr. Kranick.

The case was tried to a jury and, after the Perlebergs rested, the defendants moved for a directed verdict of dismissal of the action and, again, at the close of the trial, moved for a directed verdict and for dismissal. These motions were resisted by the Perlebergs and the trial court denied the same. The case was then submitted to the jury and a verdict was returned in favor of the Perlebergs for medical, ambulance, and burial expenses, in the sum of $2,171.77; and for general damages in the sum of $65,200.00, or a total of $67,371.77.

General Tire and Mr. Kranick made a motion for judgment notwithstanding the verdict or in the alternative for a new trial, which motion was denied. General Tire and Mr. Kranick have appealed from the judgment and from the order denying the motion for judgment notwithstanding the verdict or in the alternative for a new trial.

The record reveals that on the 25th day of May, 1971, Floyd Perleberg was residing with his wife Barbara and their children in the city of New Rockford, Eddy County, North Dakota. Floyd Perleberg, at the time, was 35 years of age, and his wife Barbara was 27 years of age. Their three children ranged in age from 5, 4, and 2 years, respectively. The Perleberg family was residing in a trailer house located approximately 100 feet from a small warehouse owned by the Archie Campbell Construction Company. There were several other house trailers located near the Perle-

berg trailer house. The warehouse was a storage building for tires and other miscellaneous construction equipment.

Mr. Kranick, on the day of the accident, arrived at the warehouse about 1 o'clock in the afternoon. He was employed by the General Tire and Rubber Company and was driving a truck owned by such company. Prior to the accident, on May 25, 1971, Mr. Kranick had spent about two hours loading tires from the warehouse onto the truck. At approximately 3 p. m. on May 25, David Perleberg, the 2-year-old son of Floyd and Barbara L. Perleberg, was playing with several other young neighbor children near the warehouse. The warehouse was located across the street from the Archie Campbell Construction Company headquarters building. There were no specified areas of traffic or designated roads in the area where the trailer houses and the warehouse were located. During the time Mr. Kranick was loading the truck, he noticed several small children playing near the rear of his truck and, prior to his leaving the warehouse area, he told them to move. Mr. Kranick then entered the truck cab without first observing the area in the front of his vehicle, which area was not within his view from the truck cab in which he was sitting. He started the motor, released the brake, and drove slowly forward a few feet. As he was driving forward, Mr. Kranick heard a scream, stopped the truck, left the cab, checked the rear of the truck, and then discovered the Perleberg boy under the left front truck tire. Mr. Kranick immediately entered the truck cab and backed the truck a short distance. David was taken to the hospital at New Rockford and was then transferred to a hospital at Jamestown. Later that day David was transferred to a Fargo hospital, where he died on the following day, May 26, 1971, as the result of the injuries he sustained.

While there are four issues which have been presented to the court for consideration, our primary concern is whether the trial court erred in failing to instruct the jury on the issue of the contributory negligence of Floyd Perleberg and Barbara L. Perleberg.

It is conceded by General Tire and Mr. Kranick that Floyd Perleberg was not contributorily negligent, because, at the time of the accident, he was pursuing his employment on a farm, and obviously was not supervising his children during the hours of such employment. Accordingly, it is necessary to determine whether Barbara L. Perleberg's activities constituted contributory negligence. General Tire and Mr. Kranick contend that Barbara was contributorily negligent because: the family resided in a trailer house located about 100 feet from the warehouse, the Perlebergs had resided there for five years, and Barbara had never instructed her children not to play in the warehouse area; that during the period of time immediately preceding the accident, she was hanging clothes on the clothesline outside of her trailer home and, from her location in the clothesline area, it would have been possible for her to observe the front of the truck owned by General Tire; that Barbara was not supervising or watching her children while they were playing near the warehouse; that the warehouse was owned by the Archie Campbell Construction Company and Barbara had knowledge that the construction company stored heavy equipment items in such warehouse.

█ This court has held numerous times that questions of contributory negligence are questions of fact for the jury to determine unless the evidence is such that reasonable minds can draw but one conclusion. Willert v. Nielsen, 146 N.W.2d 26 (N.D. 1966); Lindenberg v. Folson, 138 N.W.2d 573 (N.D.1965); Vogel v. Bertsch, 130 N. W.2d 220 (N.D.1964); and Sahli v. Fuehrer, 127 N.W.2d 900 (N.D.1964).

█ A perusal of the record reveals that Barbara L. Perleberg did testify as to the facts set forth by General Tire and Mr. Kranick. Mr. Kranick further testified that the warehouse owned by the Ar-

chie Campbell Construction Company was used to store tires and other construction equipment; that he had personally loaded and unloaded tires at the warehouse a number of times; that during the several hours when he had been loading the tires on the day of the accident, children were playing around and hanging onto the rear platform of his vehicle, and that he had chased the children away from the truck two or three different times during such period. The Perlebergs strenuously urge that the activities of Barbara, as evidenced by her testimony, were insufficient as a matter of law to raise the issue of contributory negligence and that the trial court was correct in determining not to give an instruction on contributory negligence. General Tire and Mr. Kranick did assert contributory negligence as an affirmative defense in their answer and, accordingly, they had the burden of proving the same. The issue of contributory negligence was raised by the pleadings and there was sufficient evidence adduced at the trial through the testimony of Barbara L. Perleberg and Mr. Kranick to require the court to instruct the jury on the issue of contributory negligence. Lindenberg v. Folson, 138 N.W.2d 573 (N.D.1965); Schmitt v. Northern Improvement Co., 115 N.W.2d 713 (N.D.1962); McGregor v. Great Northern Ry. Co., 31 N.D. 471, 154 N.W. 261 (1915); 57 Am.Jur.2d, Negligence § 298. Barbara L. Perleberg, as the supervising parent, was bound to protect David and her other minor children from danger, through the exercise of reasonable prudence and care. The law does not require her to cease her activities as a housewife and keep her child or children within her sight every moment. She was required only to exercise such a degree of care as was reasonable in her situation and under all of the circumstances in the case. Whether in this case Barbara did, in fact, all that a reasonably careful and prudent person ought to have done under the circumstances was a question for the jury and not for the court. 57 Am.Jur.2d, Negligence § 295. We believe this to be a reasonable

rule and adhere to the same, especially where the decedent was 2 years of age and was playing with other children, the oldest of whom was 6 years of age, and where a babysitter or an older, dependable child was not supervising or accompanying the 2-year-old child. We are convinced that justice would best be served by granting a new trial where an instruction on contributory negligence will be given. We conclude that the failure of the trial court to give such an instruction was prejudicial error.

The next issue that is before us is whether the trial court erred in giving instructions to the jury that a pecuniary loss need not be established by proof in dollars and cents and that a substantial loss will be presumed. The instruction of the trial court on this issue reads as follows:

"You are instructed that pecuniary loss need not be established by proof in dollars and cents. A substantial loss will be presumed."

■ General Tire and Mr. Kranick contend that this instruction constitutes error because there were timely objections to the giving of this instruction, on the grounds that the instruction places the burden upon the defendants to prove that there was not a substantial loss, especially in light of the fact that the case involved the death of a 2-year-old child and that the burden of proving damages is a key element of a plaintiff's case in a wrongful death action. The general rule in this State is: instructions to a jury must be considered in their entirety. If the effect of the whole is to outline the issues in the case fairly and correctly, an isolated improper statement contained therein will not be considered prejudicial error. Willert v. Nielsen, 146 N.W.2d 26, ¶ 1 of Syll. (N.D.1966); Grenz v. Werre, 129 N.W.2d 681 (N.D.1964); Ferderer v. Northern Pac. Ry. Co., 77 N.D. 169, 42 N.W.2d 216 (1950); Froh v. Hein, 76 N.D. 701, 39 N.W.2d 11 (1949).

In Grenz v. Werre, *supra,* this court was faced with the same question and argument, and we held in paragraph 11 of the syllabus:

"Though an instruction standing alone may be insufficient or erroneous, it must be considered in connection with remainder of charge, and if whole charge taken together correctly advises jury as to the law, the error, if any, is thereby cured."

■ In view of the fact that General Tire and Mr. Kranick have urged that the instruction was prejudicial to them, we have carefully reviewed the evidence presented to the jury, as well as the specific language used by the court in its instruction on this issue to determine whether the instruction complained of was, in fact, prejudicial to General Tire and Mr. Kranick. Willert v. Nielsen, *supra,* ¶ 2 of Syll.; Henke v. Peyerl, 89 N.W.2d 1 (N.D.1958); Rott v. Provident Life Ins., 69 N.D. 335, 286 N.W. 393 (1939). This court discussed the particular instruction which General Tire and Mr. Kranick have asserted to be prejudicial in Henke v. Peyerl, *supra,* 89 N.W.2d at 11, wherein the court stated:

"Pecuniary loss need not be established by proof in dollars and cents. A substantial loss will be presumed." Checketts v. Bowman, 70 Idaho 463, 220 P.2d 682 (1950).

Again, in Grenz, *supra,* 129 N.W.2d at 690, this court approved the principles of law applicable to actions at law for the recovery of damages occasioned by the wrongful death of a minor, as set forth in Henke v. Peyerl, *supra,* and further stated:

"We find that when the instructions given by the trial court are tested by these principles and considered as a whole, they are correct statements of the law applicable to the measure of damages and burden of proof."

■ In Willert v. Nielsen, *supra,* this court stated that the trial court did not err in refusing to give the same instruction that was given in the instant case. Notwithstanding what was said in Willert v. Nielsen, where this court upheld the trial court's refusal to give the same instruction because the instructions which were given sufficiently covered the requested instruction, we believe that the particular instruction given by the trial judge in the instant case was proper. We adhere to and reaffirm the holding in Grenz v. Werre, *supra,* that the particular instruction complained of does not constitute prejudicial error.

We will next consider the appeal of General Tire and Mr. Kranick from that part of the order denying their motion for judgment notwithstanding the verdict. In reviewing the trial court's denial of a motion for judgment notwithstanding the verdict, we are guided by the following well-established rules:

"On an appeal from an order denying a motion for judgment notwithstanding the verdict, the only grounds which will be considered are those which were assigned on the motion for a directed verdict." Schollmeyer v. Saxowsky, 211 N.W.2d 377, 381, Syll. ¶ 10 (N.D.1973).

"When a motion for judgment notwithstanding the verdict has been denied by the trial court, the evidence must be considered in a light most favorable to the party in whose favor the verdict was rendered and the trial court's order should not be overruled when there is an issue for the jury to determine." Linington v. McLean County, 161 N.W.2d 487, Syll. ¶ 1 (N.D.1968).

"Before a motion for judgment notwithstanding the verdict can be granted, it must be conclusively established that the moving party is entitled to judgment as a matter of law." Bartholomay v. St. Thomas Lumber Company, 148 N.W.2d 278, 281, Syll. ¶ 3 (N.D.1967).

■ We have carefully examined the record in the instant case and we conclude that the evidence presented, considered in

the light most favorable to the Perlebergs, was sufficient to present an issue for the jury, and that General Tire and Mr. Kranick were not entitled to judgment as a matter of law. The motion for judgment notwithstanding the verdict was therefore properly denied.

The order denying the motion for judgment notwithstanding the verdict is affirmed. The order denying the motion for a new trial is reversed, the judgment of the trial court is vacated, and a new trial is granted.

ERICKSTAD, C. J., and JOHNSON, VOGEL and KNUDSON, JJ., concur.