**Robert D. McKEE and Wanda McKee, individually and as surviving parents of Susan Marie McKee, and Robert D. McKee as the duly entitled personal representative of the Estate of Susan Marie McKee, Plaintiffs,**

v.

**Kirby THOMPSON and Thompson Funeral Homes, Inc., Defendant and Third Party Plaintiff,**

v.

**McLEAN COUNTY, Third Party Defendant.**

**No. A1–81–158.**

United States District Court, D. North Dakota, Southwestern Division.

Feb. 14, 1983.

J.W. Cragg, Minneapolis, Minn., Albert A. Wolf, Bismarck, N.D., for plaintiffs.

Richard A. Clapp, Grand Forks, N.D., for defendant and third party plaintiff.

B. Timothy Durick, Bismarck, N.D., for third party defendant.

**ORDER**

VAN SICKLE, District Judge.

Defendants and third party plaintiffs have moved to dismiss specified parts of plaintiffs' complaint on the ground that those provisions fail to state a claim for which relief can be granted. Alternatively, they move for summary judgment as to the claims raised in those parts of plaintiffs' complaint.

Defendants' motions raise essentially four issues.[1]

I. *Is There Any Evidence to Support Plaintiffs' Claim that Kirby Thompson Was Driving An Automobile Under the Influence of Intoxicating Liquors?*

■ Defendants claim there is no evidence suggesting that Kirby Thompson was driving under the influence of alcohol on the night of the accident. In response, plaintiffs convincingly submit numerous pieces of evidence suggesting that Kirby was intoxicated. Since on a motion for summary judgment the evidence is always interpreted in favor of the party opposing the motion, *see,* 10A Wright & Miller, Federal Practice and Procedure § 2727, this court denies defendants' motions relative to this claim.

II. *Are Plaintiffs Entitled to Damages For Susan McKee's Pain and Suffering?*

Defendants claim that wrongful death law in North Dakota does not allow for recovery of damages due to pain and suffering. Further, they argue that even if such recovery were allowed, that plaintiffs have produced no evidence of pain or suffering, because the evidence shows that Susan McKee was rendered unconscious immediately when the accident occurred. Plaintiffs admit in their response that they have no evidence showing that the deceased experienced pain and suffering.

In light of this admission, this court grants defendants' motion for summary judgment on this issue.

III. *Does North Dakota Law Preclude Plaintiffs From Recovering For the Alleged Loss of Their Daughter's Love, Companionship, Comfort, Affection, Society, and Moral Support?*

■ N.D.C.C. § 32–21–02 provides for the following measure of recovery in wrongful death actions:

In an action brought under the provisions of this chapter [chapter 32–21], the jury shall give such damages as it finds proportionate to the injury resulting from the death to the persons entitled to the recovery.

The defendant argues that the North Dakota Supreme Court has construed this statute to exclude recovery for the loss of companionship and society, relying on the court's 1965 decision in *Larson v. Meyer,* 135 N.W.2d 145, 158 (N.D.1965). In that case the court stated:

In construing this statute [32–21–02], this court has held that in an action thereunder damages are to be awarded only for pecuniary loss and may not be awarded for loss of society and companionship or in the way of solatium, but the plaintiff is entitled to recover the pecuniary value of services which the beneficiary or beneficiaries under the statute might reasonably have expected from the person on account of whose death the action was brought. (Citation omitted)

However, the narrow construction the *Larson* court gave to the concept of pecuniary loss has been substantially eroded in subsequent cases, especially in cases involving wrongful death actions for the loss of a child.

Even prior to the *Larson* decision, the North Dakota Supreme Court allowed damages for the loss of the "comfort . . . of a kind, faithful and loving child." *Henke v. Peyerl,* 89 N.W.2d 1 (N.D.1958).[2] In upholding such damages the court quoted a statement it had made in an earlier decision:

When this court stated in its opinion in *Stejskal v. Darrow,* supra [55 N.D. 606, 215 N.W. 83 (1927)], that the statute provided for compensation only for pecuniary loss, there was no intention, (and the language of the opinion does not so indicate), that the word 'pecuniary'

---

1. While defendants object to plaintiffs' claim for transportation costs to Garrison, they did not state the nature of their objection in their brief, and hence the court denies the defendants' motions relative to this claim.

2. It is noteworthy that the court in *Larson* did not attempt to distinguish *Henke,* nor did it even discuss *Henke* in making its pronouncement.

should be given any such restricted and narrow meaning as the appellant seeks to place upon it.

*Umphrey v. Deery,* 78 N.D. 211, 48 N.W.2d 897, 905 (N.D.1951).

Nine years after the *Larson* decision, the court reaffirmed its broader view of "pecuniary loss" in upholding a jury instruction for wrongful death which stated "that a pecuniary loss need not be established by proof in dollars and that a substantial loss will be presumed." *Perleberg v. General Tire and Rubber Co.,* 221 N.W.2d 729, 732–33 (N.D.1974).

More recently, in distinguishing between survival actions and wrongful death actions, the court wrote:

Dependent upon the specific statutory language, losses recoverable by survivors in wrongful death actions often include the prospective loss of earning and contribution; loss of services; *loss of companionship, comfort, and consortium;* and mental anguish and grief.

*Sheets v. Graco, Inc.,* 292 N.W.2d 63, 66 (N.D.1980) (emphasis added).

While this is not conclusive evidence that the North Dakota Supreme Court has repudiated the narrow conception of "pecuniary loss" stated in *Larson,* it indicates a tendency in that direction. This tendency receives very strong support from every other jurisdiction in the Northwestern region. *Iowa-Des Moines Nat. Bk. v. Schwerman Trucking Co.,* 288 N.W.2d 198 (Iowa 1980) (child can recover for loss of parent's companionship and society); *Palmertree v. Genesee Memorial Hospital,* 102 Mich.App. 683, 302 N.W.2d 279 (Mich.App.1981) (damages allowed for loss of society and companionship); *Jones v. Fisher,* 309 N.W.2d 726 (Minn.1981) (pecuniary loss includes loss of advice, counsel, and companionship); *Caradori v. Fitch,* 200 Neb. 186, 263 N.W.2d 649 (Neb.1978) (damages for wrongful death of minor child include loss of society, comfort, and companionship); *Anderson v. Lale,* 86 S.D. 111, 216 N.W.2d 152 (S.D.1974) (pecuniary loss includes loss of companionship and society); *McKissick v. Schroder,* 70 Wis.2d 825, 235 N.W.2d 686 (Wis.1975) (wrongful

death statute allows claims for loss of society and companionship apart from any claim for pecuniary injury).

In an area with such strong consensus of neighboring jurisdictions, this court believes that the North Dakota Supreme Court would continue to show the leadership it has in the past and likewise expand its reading of pecuniary loss to include loss of society, comfort, and companionship. As I already pointed out, the seeds for this expansion are present in several existing decisions. Further, the wrongful death statute on which the *Larson* court placed its narrow interpretation clearly allows for this change. That statute instructs the jury to award such damages as are "proportionate to the injury resulting from the death." N.D.C.C. § 32–21–02. This general language allows the jury to take account of changing moral attitudes in the society which indicate greater sensitivity to injuries resulting from death.

The court therefore denies defendants' motions relative to plaintiffs' claims for loss of companionship, comfort, and society. The court need make no ruling specifically on the claims for loss of love, affection, and moral support, since these concepts are adequately encompassed by those of companionship, comfort, and society.

IV. *Are Plaintiffs Entitled to Punitive Damages?*

Defendants argue that North Dakota law does not allow for punitive damages in wrongful death actions and further, that plaintiffs have not stated any facts sufficient to justify the award of punitive damages. Since plaintiffs concede in their brief that they have not pleaded any facts sufficient to justify punitive damages, this court grants defendants' motion for summary judgment concerning such damages.

IT IS ORDERED that defendants' motion for summary judgment concerning plaintiffs' claims for damages for pain and suffering and for punitive damages be granted. All other motions concerning the matters raised by the defendants are denied.