STINSON *v.* THE NEW YORK CENTRAL RD. CO.

(Decided January 21, 1929.)

*Messrs. DeKaiser & Harrison,* for plaintiff in error.
*Mr. Paul Lamb,* for defendant in error.

SULLIVAN, P. J. The vital questions in this case, which is here on error from the common pleas court of Cuyahoga county, are whether the doctrine of *res ipsa loquitur* applies, and whether a common carrier owes a duty to the servants of a consignee with respect to safety appliances on freight cars.

The court below, upon a motion for a directed verdict for the defendant, the New York Central Railroad Company, sustained the same upon the allegations of the amended petition and the opening statement of counsel for plaintiff, and it is urged that this ruling constituted error.

There are numerous authorities quoted by counsel to sustain the contention of plaintiff in error that the New York Central Railroad Company owed a duty to the servants of the Midland Steel Products Company, the consignee; but it is unnecessary to review them, because it is admitted by counsel for defendant in error that 9 L. R. A. (N. S.), 857, disposes of any controversy upon that point. The decision there holds that, where the carrier selects and furnishes a car to the shipper for his use, the former is liable for personal injuries resulting to any one whose connection with the shipment causes the use of the car, where the basis of the injuries lay in a defective condition which could have been discovered by a reasonable inspection of the car. This is unquestionably the rule, and therefore we hold this contention of counsel in favor of the plaintiff in error, and proceed to discuss the question whether the doctrine of *res ipsa loquitur* applies, and in order to reach a conclusion on that point it is necessary to examine the allegations of the amended petition in

connection with the opening statement which forms the basis of the granting of the motion to direct.

It is our conception of the law that, while the pleading and the opening statement are susceptible of review in order to determine the application of this doctrine, the opening statement creates a status differing in legal character from the allegations of the pleading, for the reason that under the statute it is a statement of the case with respect to the evidence to be offered to support the allegations of the petition, and therefore a status is established which is equivalent to the situation in the trial of the cause which ensues when plaintiff concludes his testimony and rests his case, and we think this proposition also applies to the situation resulting in the trial of the cause when both parties rest their case. Therefore, while we do not disregard the allegations of the amended petition, yet, in a legal sense, we adhere for the purposes of our conclusion to the status of the case which the plaintiff created by his opening statement, upon which the court based the ruling which resulted in a directed verdict for the defendant.

The freight car in question had been consigned to the Midland Steel Products Company, and was located upon a switch for the use of the consignee, and in the scope of his employment an employee of the consignee ascended the ladder, constructed for the purpose of reaching the top of the freight car, to operate the brake and move the car, and it is clear from the statement as well as the pleading that the purpose was to unset the brake and move the car. The ordinary way of doing this would be to release what is known as the "clutch" or the "dog" after

loosening the wheel of the brake, thereupon freeing the wheels of the car from friction. It is definitely stated in the record that the employee applied his hand or hands to the brake to accomplish the purpose just noted, but it is claimed that there was no force applied laterally, and that whatever force was used had a perpendicular application, which would in no manner unset the brake or release the dog, as that could only be effected by revolving the wheel of the brake, which motion is circular, or, in a practical sense, lateral.

In the opening statement, however, as bearing upon the doctrine of *res ipsa loquitur,* it appears without modification or qualification that the employee of the consignee came in contact by his hand with the wheel portion of the brake, and that immediately thereupon the brake became unset, began its swift revolutions, by reason whereof he was thrown to the ground some 16 feet below where he stood, from which fall serious injuries resulted.

Now it is clear from all the authorities that are worthy of serious consideration that this force admittedly applied to the wheel of the brake, whether it was of a perpendicular or lateral nature, puts the case beyond the pale of the principle of *res ipsa loquitur,* for the reason that the very nature of the doctrine itself is the exertion of a force which is independent and unconnected with any agency proceeding in any manner from the plaintiff himself. The very meaning of *res ipsa loquitur* is that the thing speaks for itself. In other words, it is unrelated to any other agency. What is done is done by itself, and as it appears by the opening statement that the instrumentality which unset the brake was

the application of the force of the hand, whether weak or strong, then the status is not *res ipsa loquitur*. There is no conclusion to be drawn from the opening statement and from the amended petition other than that the revolution of the wheel of the brake which threw the plaintiff to the ground, resulting disastrously, was in immediate response to the exercise of the force arising from the clutch of the hand, which accomplished the immediate release of the brake and the revolution of the wheel. Thus the action does not speak for itself and is irresistibly the combination of two separate agencies.

In other words, instead of the thing speaking for itself, it was interrupted, and two agencies engaged in the conversation, so to speak. Therefore the doctrine of *res ipsa loquitur* does not apply, and we are forced again to examine the pleading and the opening statement to ascertain whether there appears from either or both an allegation of a defect, and this examination discloses not even an attempt, except within the field of speculation, definitely to charge, a deficiency of appliance. Had the case gone to the jury, it is our judgment that that tribunal would have had to translate inferences and guesses into conclusions by a course of speculation that would cover a wide field of discussion.

The jurors might have argued that the brake was not set at all, and that thus, when plaintiff clutched it, he lost his balance and fell because the wheel was not stationary. It might be argued in the jury room that the "dog" was defective, or that one of the teeth of the cogs attached to the rod of the brake was missing, and so on *ad infinitum,* covering the entire field of conjecture. Damages for negligence are only re-

coverable upon definite allegations, otherwise it would be impossible for pleadings to reveal the issues.

From further examination of the pleading and the opening statement, there can be no disputing the fact that defendant in error at the time of the accident did not have control of the agency which caused the accident. Indeed, the logic of the opening statement leads to but one conclusion, and that is that the only control of the agency which resulted in the injury was in the unfortunate plaintiff in error himself, and in *Cochran* v. *Pittsburgh & Lake Erie Rd. Co.,* No. 11548 Law, U. S. District Court for the Northern District of Ohio, 30 F. (2d), —, Judge Westenhaver, in passing upon a motion to require the petition to be made more definite and certain upon the question of *res ipsa loquitur,* and of the necessity of the control of the agency which caused the injury being in the defendant or its employees, cited the following cases which unmistakably declare that "the thing does not speak for itself" where the defendant does not directly control the instrumentality which was the cause of the injury: *Inland & Seaboard Coasting Co.* v. *Tolson,* 139 U. S., 551, 10 S. Ct., 1063, 34 L. Ed., 539; *Southern Ry-Carolina Division Co.* v. *Bennett, Admx.,* 233 U. S., 80, 34 S. Ct., 566, 58 L. Ed., 860; *Minneapolis & St. Louis Rd. Co.* v. *Gottschall, Admx.,* 244 U. S., 66, 37 S. Ct., 598, 61 L. Ed., 995; *Cincinnati, N. O. & T. P. Ry. Co.* v. *South Fork Coal Co.* (C. C. A.), 139 F., 529, 1 L. R. A. (N. S.), 533; *Lee Line Steamers* v. *Robinson* (C. C. A.), 218 F., 559, L. R. A., 1916C, 358; *Pennsylvania Co.* v. *Clark* (C. C. A.), 266 F., 182.

These authorities and many others establish the

law that any control of the agency which causes the accident, other than defendant or its employees, bars consideration of the doctrine of *res ipsa loquitur*.

Supporting our views in the case at bar are the following: *Burnett* v. *Penn. Rd. Co.*, 15014 Law, U. S. Dist. Court Northern Dist. of Ohio, 30 F. (2d), —; *N. Y. C. & St. Louis Rd. Co.* v. *Biermacher*, 110 Ohio St., 173, 143 N. E., 570; *B. & O. S. W. Rd. Co.* v. *Hill*, 84 Ind. App., 354, 148 N. E., 489; *Didinger* v. *Penna. Rd. Co.*, 15003 Law, U. S. Dist. Court Northern Dist. of Ohio, 30 F., (2d), —; *Sobolovitz* v. *Lubric Oil Co.*, 107 Ohio St., 204, 140 N. E., 634; *C., M. & St. P. Ry. Co.* v. *Coogan*, 271 U. S., 472, 46 S. Ct., 564, 70 L. Ed., 1041.

Holding these views, the judgment of the lower court is hereby affirmed.

*Judgment affirmed.*

LEVINE, J., concurs.
VICKERY, J., not participating.