## HOWARD v PENNSYLVANIA RD. CO.

Ohio Appeals, 6th Dist,, Lucas Co.
No. 2371. Decided May 26, 1930

Deeds & Cole, Toledo, for Howard.
Fraser, Hiett, Wall & Effler, Toledo, for Rd. Co.

**LLOYD, J.**

The plaintiff claims that these facts raise a clear inference of negligence on the part of the defendant and that the trial court erred in directing a verdict in favor of the defendant.

In our judgment the maxim res ipsa loquitur, thus invoked, is applicable to the issues involved in the instant case and if the facts and circumstances disclosed by the evidence justify an inference of negligence on the part of the defendant proximately causing injury to plaintiff, then the trial court erred in directing a verdict in favor of the defendant and the judgment of that court should be reversed.

Central R. Co. of N. J. vs. Peluso, 286 Fed., 661;

B. & O. vs. Kast, 299 Fed., 419;

B. & O. vs. Flechtner, 300 Fed., 318.

The evidence shows that the yards and tracks where the derailment occurred were owned by and in the exclusive control of the defendant and its servants; that blocks of wood like that in evidence were used by employes of the defendant in and about the yards for various purposes, and in the repair shops there located, and according to the plaintiff, had been used a short time prior to his injuries, in repairing the very track over which he was proceeding at the time of the derailment, and since, in determining the question under consideration, the evidence must be viewed most favorably to the plaintiff, our conclusion is that the facts of the occurrence warrant an inference of negligence on the part of the defendant. The plaintiff is not relieved of the burden of proof but "the burden of evidence—that is, of explanation" is placed thereby upon the defendant.

Sweeney vs. Erving, 228 U. S., 233;

Kraljer vs. Snare & Triest Co., 221 Fed., 255, 256.

The weight of the inference as well as the weight of the explanation is for the determination of the jury.

We educe the conclusion, therefore, that the judgment of the court of common pleas must be reversed and the cause remanded for further proceedings according to law.

WILLIAMS and RICHARDS, JJ., concur.