The judgment of the court below will be reversed and the cause remanded to the lower court for further proceedings according to law.

*Judgment reversed and cause remanded.*

MONTGOMERY, P. J. and SHERICK, J. concur.

BENJAMIN, APPELLEE, *v.* SEARS, ROEBUCK & Co., APPELLANT.

(Decided March 6, 1939.)

*Messrs. Fraser, Effler, Shumaker & Winn,* for appellee.

*Messrs. Holliday, Grossman & McAfee, Messrs. Kirkbride, Boesel, Frease & Cole* and *Mr. Maurice F. Hanning,* for appellant.

OVERMYER, J. Appellee, Orva Benjamin, recovered a verdict and judgment in Common Pleas Court in the sum of $20,000 against the appellant, Sears, Roebuck & Company, for personal injuries sustained by him on July 30, 1931, while a customer in the Toledo, Ohio, store of the company. This appeal is prosecuted to reverse that judgment.

In its assignments of error the appellant complains that the trial court should have directed a verdict in its favor; that there was error in the special instructions and general charge, in the admission of evidence, and in argument; and that the verdict is excessive and the result of passion and prejudice.

The operative facts giving rise to the action may be briefly stated as follows:

In appellant's six-story building in Toledo, there is a stairway about 22 feet long and 6 feet wide leading from the street floor to the basement—the basement being a display and sales room for sporting goods, plumbing supplies and other merchandise. The stairway descends through a rectangular stair well cut into the street floor, the opening being surrounded on three sides by a guard railing or banister apparently about three feet high, making a U-shaped opening. Resting on a narrow ledge on the inside of the closed end of the U and fastened with aluminum wires to the banister, was a solid wooden display or advertising sign about six feet long and three or four feet wide, weighing from forty to fifty pounds.

On the date referred to appellee and his wife had purchased plumbing fixtures in the basement, then went to the offices on an upper floor, and on returning

to the basement by way of the stairway and when near the bottom of it and almost directly beneath the sign referred to, the sign in some manner became dislodged and crashed down onto the stairway, striking appellee and injuring him.

The amended petition charged negligence on the part of the company in the erection and maintenance of said sign in such dangerous, unstable and insecure position above the stairs as to constitute a menace and a nuisance; that the injuries suffered by appellee were proximately caused by the negligent, careless and reckless erection and maintenance thereof in that in its position it was constantly subject to gravitational forces tending to pull it down; that the same was not securely anchored and fastened; that appellant failed to inspect it regularly to ascertain its safety; that no screen or net was maintained beneath it to arrest its fall; and that no warning signs were posted to warn customers of the possibility of its falling onto and into the stairway.

It is claimed by appellee that the facts here call for the application of the doctrine of *res ipsa loquitur*. The case was tried, however, on the allegations of negligence charged in the petition, appellee not thereby waiving his right to the application of the rule. 29 Ohio Jurisprudence, 650, Section 164. Appellant contends it was not a *res ipsa* case and that a verdict should have been directed in its favor for the reason that there was no direct evidence that the sign fell as a result of negligence on the part of the company, and that no inference of negligence on the part of the company arose, because of the fact that two employees of the company testified that just before the sign fell they saw a little boy, the son of other customers then on the street floor, playing about the banister where the sign was located and to which it was fastened, and that he was kicking at the banister spindles and the sign. Appellant relies largely for its claim in this

respect on the following cases: *Loomis* v. *Toledo Railways & Light Co.,* 107 Ohio St., 161, 140 N. E., 639; *Stinson* v. *N. Y. C. Rd. Co.,* 30 Ohio App., 539, 165 N. E., 860; *Sullivan* v. *Minn. Street Ry. Co.,* 161 Minn., 45, 200 N. W., 922; *Sherlock* v. *Strouss-Hirshberg Co.,* 132 Ohio St., 35, 4 N. E. (2d), 912.

We are unable to comprehend, however, how the facts shown in those cases can determine the non-applicability of the rule of *res ipsa* in the present case. Here we have no *vis major* intervening as was undisputedly the situation in the *Loomis case,* an agency over which no one had control. Nor do we have here a case where the plaintiff himself set in motion the intervening agency, as in the *Stinson case,* nor slippery conditions of a street car track on a public street, as in the *Sullivan case* where plaintiff was the appellant, nor an absence of evidence as to who placed the object in its position where it injured the customer, as in the *Sherlock case.* In the last case the court well inquires: ''Who placed the stool in the aisle?'' Here we know who erected and maintained the sign in its dangerous position. It is not every intervening cause that relieves a defendant from his negligence. *First National Bank of Warren* v. *Gillen,* 7 C. C. (N. S.), 33, 17 C. D., 609.

In our view, the exclusive control of this sign rested at all times, from the time of the erection of it to the time of its falling, upon the company and its servants. The responsibility for the safety of the sign and for its falling also rested on the company, for, is it unreasonable to say that the company should have reasonably anticipated that a child, or adult customer for that matter, might, even entirely innocently, jostle or bump loose a sign so lightly secured in so dangerous a location? In any event, there is no evidence that the child's playing or kicking caused this sign to fall. He is said to have been playing about the banister and kicking at the upright spindles of the banister and per-

haps at the sign, but not a single one of the company's employees who testified had examined the sign to see what had caused it to become loosened from its moorings, whether it was kicked off the narrow ledge and in falling tore loose the aluminum wires with which it was fastened, or whether the weight of the sign gradually had pulled loose those wires, or what the conditions of the sign and wires later might have disclosed as to the cause of its fall; nor was the sign itself produced in court. We are not advised on this subject by the record. But the sign, erected by the company in a dangerous position and there maintained by it, fell on the appellee and injured him, without any possible fault on his part. He could not well have been looking over his head when he was going down the stairway. It is not unreasonable to say that a duty rested upon the company's employees who saw what they now say they saw, to have made the boy desist if they thought he was endangering the security of the sign.

We are content, on the question of the application of the *res ipsa* doctrine in this case, to rest our views on the authority of *Glowacki* v. *North Western Ohio Ry. & P. Co.*, 116 Ohio St., 451, 157 N. E., 21, 53 A. L. R., 1486; *Weller, Exrx., v. Worstall,* 129 Ohio St., 596, 196 N. E., 637; *Sweeney* v. *Erving,* 228 U. S., 233, 57 L. Ed., 815, 33 S. Ct., 416; *Howard* v. *Penn. Rd. Co.*, 43 Ohio App., 96, 182 N. E., 663 (decided by this court), and cases there cited; 29 Ohio Jurisprudence, 643, Section 160.

At the conclusion of plaintiff's evidence it was a *res ipsa* case, and called for an explanation from the defendant. It does not follow that when the defendant offered an explanation, to wit, the fact that a small boy was playing about the banister and the sign, that such explanation was conclusive. The court could not say so as a matter of law and thereupon direct a verdict, and there was no error in the court's refusal to

do so. As said in the *Glowacki case, supra:* "The weight of the inference as well as the weight of the explanation offered to meet the inference is for the determination of the jury in a jury trial or for the determination of the court when the court is the trier of the facts." See also *Howard* v. *Penn. Rd. Co., supra.*

The greater parts of appellant's argument and brief were devoted to a discussion of the claim we have thus far discussed herein. Upon this claim it has evidently based its strongest hopes. The remaining errors assigned relate to the charge of the court, the admission of evidence, the weight of the evidence and the amount of the verdict.

By segregating certain excerpts from the body of the general charge of the court, it is made to appear that the court charged the jury that the specific allegations of negligence in the petition in fact constituted negligence; that the court failed to separately define and state the issues so the jury could understand them; and omitted to charge with respect to the legal duty owing by defendant to plaintiff. It is the rule that a charge must be examined and treated in its entirety in seeking for prejudicial errors. We have so examined the charge in this record and find no prejudicial errors therein. Nor were the special charges, tendered by appellee and given, erroneous.

We have examined the record with reference to all claimed errors assigned and do not find any of them of such moment as to justify or require a reversal of the judgment.

The verdict was a substantial one, but in view of the evidence, especially the medical evidence, we can not say it is not warranted, and there is nothing in the record to indicate that passion or prejudice had anything to do with promoting it. The appellee is a man about 45 years of age and had enjoyed vigorous health, weighing about 170 pounds. He was a wholesale

butcher and meat dealer, making money out of the business. About thirty days after the injury, a hematoma on top of his head broke and discharged blood and matter, and medical evidence shows cerebral concussion and injury to the brain. He has not been able to do work of any consequence; his weight has fallen to about 115 pounds; he suffers from severe headaches, has a staggering gait, loss of appetite, nausea, vomiting, dizziness, nervousness; and the medical evidence shows an apparently fixed progression in his ailments and no prediction for probable improvement. One expert predicted possible insanity through traumatic epilepsy. His disability at time of trial was described as total, and that any physical effort of consequence would tend to aggravate both the mental and physical condition. In addition to the head injury he also suffered hand and leg injuries as a result of the falling of the sign. These also were painful and required treatment.

Finding no prejudicial errors in the record requiring a reversal of the judgment, and that the verdict is not against the manifest weight of the evidence, the judgment is affirmed.

*Judgment affirmed.*

CARPENTER, J., concurs.

LLOYD, J., not participating.