Madge BERGLEY, Plaintiff and
Respondent,

v.

MANN'S, a Corporation, and Frank Risovi
and Mike Kurtz, also known as Michael
Kurtz, a Partnership, Defendants,

and

Frank Risovi and Mike Kurtz, also known as
Michael Kurtz, a Partnership, Defend-
ants and Appellants.

No. 7789.

Supreme Court of North Dakota.

Dec. 10, 1959.

Duffy & Haugland, Devils Lake, for appellants.

Douglas B. Heen and David Garcia, Devils Lake, for plaintiff-respondent.

MORRIS, Judge. On reassignment.

This is an action for personal injuries which plaintiff alleges that she received as a result of the negligence of the defendants. The defendant Mann's, a corporation, operates a department store in the City of Devils Lake. The defendants Frank Risovi and Mike Kurtz, copartners, were employed by Mann's to install a new store front. In doing their work they erected a temporary false front which was a wooden structure approximately 25 feet wide, 16 feet high and 4 feet deep. It sat on the sidewalk and extended out 4 feet from the building to which it was attached by braces at each top corner. The braces were new one-by-four lumber nailed to the building at one end and to the false front at the other. The false front was constructed mostly of two-by-fours and three-quarter inch Nuwood sheeting. It was perpendicular. There was about 4 feet of unobstructed sidewalk between the base of the front and the curb.

On May 19, 1957 while the plaintiff was standing on the sidewalk the false front parted from the building at the top and fell outward across the unobstructed portion of the sidewalk and partly into the street trapping the plaintiff beneath it and injuring her.

The jury rendered a verdict against the defendants Risovi and Kurtz and dismissed the suit against Mann's. The partners appeal from a judgment entered pursuant to the verdict. They made a motion in the alternative for a judgment notwithstanding the verdict or for a new trial. From an order denying this motion they also appeal.

At the close of the testimony the appellants made a motion for directed verdict. Among the grounds stated was that the

undisputed evidence shows that the false front was properly and safely constructed and that there was no negligence on the part of the appellants in the construction or maintenance thereof. It was further urged that there is evidence of an intervening human cause, namely the milling and pushing of a crowd that was watching an automobile exhibition and that there is no evidence of negligence on the part of the appellants.

The appellants contend in support of their motion for a judgment notwithstanding the verdict that the doctrine of res ipsa loquitur is not applicable under the record here presented and that without the application of the doctrine the evidence is wholly insufficient to warrant the jury in determining that the appellants were negligent. In support of this contention it is asserted that the testimony of Risovi negatives any inference of negligence of the appellants in constructing or maintaining the false front and that its fall was probably due to the milling and jostling of a crowd of spectators who were viewing an automobile exhibition on the street.

Risovi testified in detail as to the manner in which the front was constructed including the type and kind of lumber and the size and number of the nails used in securing it in place. He says that he directed the moving of the front from another location to the Mann's store and supervised and inspected its attachment to the building by means of the one-by-four boards which were of new lumber. He stated that he had 40 years experience, that he had built many false fronts, had always built them in the same way and attached them to the building in the same manner. He testified that he had been a foreman of other contractors who built the fronts in the same way and that in this instance the front was built and tied to the building in the regular way. When the top of the false front pulled away from the building at the beginning of its fall the one-by-four braces broke. The nails did not pull out. Photographs of the scene taken after the acci-dent, as well as Risovi's statement, indicate this to be true.

The accident took place on Sunday afternoon. No work was being done on Sunday. Some material and tools had been stored inside the false front on Saturday night. There was a wheelbarrow, a water barrel and some mortar mix on top of it. These items were standing in their original position after the fall. Some bricks had been stacked on the sidewalk inside the front. These were scattered about. There was also some iron scaffolding which Risovi testified was leaning against the building. The pictures indicate that this scaffolding and a stepladder had fallen outward when the front collapsed.

On the Sunday afternoon that the accident happened an exhibition of small Canadian cars took place on the street in the block in which Mann's store was located and in the adjacent block. A policeman who was assigned to prevent the spectators from coming out into the street estimated the crowd at four or five hundred people in the two blocks. Another witness estimated the crowd at two to three hundred. They were mostly on the sidewalk on both sides of the street and moved back and forth along the two blocks where the demonstration was taking place. There was nothing unusual about the crowd and nothing unusual about the people in front of Mann's store. At one time five to nine people were seen leaning against the false front. There were at least thirty people in front of it when it began to fall.

■ The plaintiff does not know what caused the front to fall and invokes the doctrine of res ipsa loquitur to establish the appellants' negligence. This frequently quoted explanation of the doctrine by the Supreme Court of the United States is found in Sweeney v. Erving, 228 U.S. 233, 33 S.Ct. 416, 418, 57 L.Ed. 815, Ann.Cas. 1914D 905:

"In our opinion, res ipsa loquitur means that the facts of the occurrence

warrant the inference of negligence, not that they compel such an inference; that they furnish circumstantial evidence of negligence where direct evidence of it may be lacking, but it is evidence to be weighed, not necessarily to be accepted as sufficient; that they call for explanation or rebuttal, not necessarily that they require it; that they make a case to be decided by the jury, not that they forestall the verdict. Res ipsa loquitur, where it applies, does not convert the defendant's general issue into an affirmative defense. When all the evidence is in, the question for the jury is whether the preponderance is with the plaintiff."

Where the thing that caused the plaintiff's injury is shown to be under the control of the defendant and the accident is of such a nature that it does not ordinarily happen in the absence of negligence on the part of the controlling defendant it affords an inference of negligence which is ordinarily sufficient to make out a prima facie case for the plaintiff and casts upon the defendant the burden of going forward with the evidence. Shearman and Redfield on Negligence, Revised Edition, Section 56; 38 Am.Jur., Negligence, Sections 295 and 311; 65 C.J.S. Negligence § 220(2), (9).

A study of many cases from other jurisdictions discloses that the general rule of res ipsa loquitur is easily stated but its application is fraught with difficulties and solutions in this respect have not always been consistent. The appellants argue that the defendant Risovi explained in detail the manner in which the false front was erected and attached to the building and the manner in which tools and other articles were stored within the front on Saturday night. It is further pointed out that he also testified as an expert to the fact that the front was built and attached to the building in the usual manner and that it could not have fallen without the application of some external force. On the basis of this testimony it is urged that any inference which could

have been drawn from the accident was dispelled and that as a matter of law the doctrine of res ipsa loquitur became inapplicable and it was error for the court to permit the jury to draw an inference of negligence against the appellants. This argument rests wholly upon the uncorroborated testimony of the defendant Risovi, an interested party.

The trier of facts, which in this case is the jury and not the judge, is not required to accept the uncontradicted evidence of an uncorroborated interested party. Stormon v. Weiss, N.D., 65 N.W.2d 475; Ives v. Hanson, N.D., 66 N.W.2d 802; City of Minot v. Kitzman, N.D., 71 N.W.2d 633.

In Lejeune v. General Petroleum Corporation, 128 Cal.App. 404, 18 P.2d 429, 435, a seaman was injured when an anchor chain that was being hauled in suddenly reversed. The doctrine of res ipsa loquitur was held to apply despite the fact that interested witnesses testified without contradiction that the machinery was in good order. The court said:

"Here the witnesses were not wholly disinterested, and the determination of their credibility and the weight to be given their testimony was for the jury."

In this case Risovi's credibility and the weight to be given to his testimony were for the jury and did not prevent the consideration of any inference that might arise under the doctrine of res ipsa loquitur. We cannot say as a matter of law that Risovi's testimony has overcome the inference of negligence that the jury was entitled to draw from the circumstances of the accident.

The appellants next contend that the crowd that gathered on the street and in front of and about the false front during the automobile exhibition constituted an intervening cause or force that is a probable reason for the fall of the front and

that therefore the doctrine of res ipsa loquitur cannot be applied. It is further argued that when an intervening force is present the defendant does not have control and management of the instrumentality causing the injury and therefore the doctrine can have no application.

There is nothing in the evidence to indicate that the crowd was disorderly or that it surged or pushed against the false front. The only contact that people in the vicinity appear to have had with the structure was that some time before it fell a few people were seen leaning against it. The evidence is inconclusive that the crowd or any of the people in it brought about or contributed to the fall, but even assuming the probability of such action on the part of the crowd we have a situation of conflicting probabilities for there still remains the probability of negligent construction or the negligent storage within and against the inside of the false front by the appellants. The appellants argue that to permit the jury to apply the doctrine of res ipsa loquitur to such a situation would be to require the jury to guess as between the two probabilities and it is therefore the duty of the court to deny the application of the doctrine. Such an argument might prevail in a case where it could be demonstrated that the probabilities were equal or favored the intervention of the extraneous force. But that is not the situation here. The evidence indicates scarcely more than a possibility that the crowd may have exerted some pressure on the false front. The most that the appellants can hope for in such a situation is that the jury will consider their contentions in a favorable light for the weight to be given to the probabilities is clearly for the jury.

In Wood v. Indemnity Insurance Co. of North America, 273 Wis. 93, 76 N.W.2d 610, 614, the court said:

"We are constrained to hold that in a situation where it ordinarily would be permissible to invoke the rule of res

ipsa loquitur, such as the unexplained departure from the traveled portion of the highway by a motor vehicle, resort to such rule is not rendered improper merely by the introduction of inconclusive evidence giving rise to an inference that such departure may have been due to something other than the negligence of the operator."

In reaching that conclusion the court quoted from Prosser on Torts, Second Edition, p. 216, Section 43, footnote 20, as follows:

"But the mere introduction of inconclusive evidence suggesting another cause will not entitle the defendant to a directed verdict."

In Glowacki v. North Western Ohio Railway & Power Co., 116 Ohio St. 451, 157 N.E. 21, 53 A.L.R. 1486, a child was injured by picking up a live electric wire that had fallen to the ground from an electric power line belonging to the defendant company. The plaintiff urged the doctrine of res ipsa loquitur. The defendant claimed that the wire had been shot down during the night and the defendant did not know about it until after the child was injured and produced substantial testimony in support of the defense. The court announced the following rule in the syllabus:

"Where the allegations in a petition and the evidence offered in support thereof call for the application of the rule of res ipsa loquitur, and where the defendant has offered evidence tending to meet and explain the circumstances, it is the duty of the court, when requested so to do by either party, to submit the question to the jury under proper instructions.

"The weight of the inference as well as the weight of the explanation offered to meet the inference is for the determination of the jury in a jury trial or for the determination of the court when the court is the trier of the facts."

In Benjamin v. Sears, Roebuck & Co., 62 Ohio App. 83, 23 N.E.2d 447, it was held:

"The docrine of res ipsa loquitur is applicable in an action to recover damages for personal injuries caused by a sign, which rested on a narrow ledge above a stairway in a store, falling and striking a customer as he was descending the stairs, although there is evidence that a small boy was playing around the sign at about the time it fell."

A substantial judgment based on the verdict was sustained.

Manuel v. Pacific Gas & Electric Co., 134 Cal.App. 512, 25 P.2d 509, 511, involved a broken high voltage wire that fell across a fence resulting in injury to the plaintiff. The defendant contended that the electric wire was broken by the impact of a rifle bullet. The doctrine of res ipsa loquitur was held applicable. The court said:

"As to the law, we believe this to be a case for the application of the rule, and as to the facts the jury were apparently not convinced by the theory of the break of appellant, and whether the break was due to the impact of the rifle bullet or to kinks in the line put in when the cable was strung or to a blow from an unknown tool, or to some other unexplained cause, was for them to determine."

In Bressler v. New York Rapid Transit Corporation, 277 N.Y. 200, 13 N.E.2d 772, it appears that the plaintiff was injured by the breaking of a pane of glass. A piece of glass pierced her eye and destroyed the sight. The doctrine of res ipsa loquitur was applicable.

"The defense undertook to meet the presumption arising from the happening of the accident itself, and offered testimony that the glass was broken by boys on the outside throwing stones against it. The trial judge properly left the question of fact to the jury:

Had the presumption of want of care and negligence arising from such an accident to a passenger been overcome by the explanation offered by the defendant? If the explanation were true, there was no liability. If the jury did not believe it, the verdict would be for the plaintiff. * * * If, upon all the evidence, the presumption upon the one hand, and the evidence for the defendant upon the other, the plaintiff has failed to prove negligence by a fair preponderance of evidence, then she is not entitled to recover. The jury found the evidence preponderating in her favor, and there should have been no reversal."

The Supreme Court of California, in Seneris v. Haas, 45 Cal.2d 811, 291 P.2d 915, 924, 53 A.L.R.2d 124, said that:

"The conclusion that negligence is the most likely explanation of the accident, or injury, is not for the trial court to draw, or to refuse to draw so long as plaintiff has produced sufficient evidence to permit the jury to draw the inference of negligence even though the court itself would not draw that inference; the court must still leave the question to the jury where reasonable men may differ as to the balance of probabilities (Res Ipsa Loquitur in California, Prosser, 37 Cal.L. Rev., 183, 194–195). The inference of negligence is not required to be an exclusive or compelling one. It is enough that the court cannot say that reasonable men could not draw it. Bauer v. Otis, 133 Cal.App.2d 439, 284 P.2d 133. The existence of the conditions upon which the operation of the doctrine is to be predicated is a question of fact and the right of the jury to find those facts must be carefully preserved."

The cause of plaintiff's injuries was the fall of the false front. Clearly it was not such an occurrence as could ordinarily be anticipated. The circumstances of the accident raise an inference of negligence on

the part of the appellants who erected and maintained the structure. As we have pointed out, the jury was not bound by Risovi's explanation. The appellants also introduced some evidence implying that the fall was due to the crowd or to some persons in it. Whether this inference was true is a question of fact which it was proper for the jury and not the court to resolve. The court properly refused to resolve it against the verdict of the jury and to grant the appellants' motion for judgment notwithstanding the verdict. The order denying the appellants' motion for judgment notwithstanding the verdict is sustained.

This is not the first time a false front has fallen. The event is usually accompanied by no more dire results than injury to feminine dignity. To such an occurrence, in the absence of a strong probability of the application of an outside force, the doctrine of res ipsa loquitur applies. The thing speaks for itself and gives rise to an inference of improper construction or insecure attachment.

■ The appellants quote Section 350, Restatement of the Law of Torts, as follows:

"A possessor of land over which there is a public highway is subject to liability for bodily harm caused to travelers thereon by a failure to exercise reasonable care to maintain in reasonably safe condition any structure or other artificial condition created in the highway by him or for his sole benefit subsequent to its dedication."

They then argue that plaintiff was not a traveler on the sidewalk but merely a licensee and that:

"No duty is imposed by law on an owner or occupant to keep his premises in a safe condition for those who come there solely for their own convenience or pleasure, and who are not either expressly invited to enter or induced to come thereon, although their entry is permitted by the owner or occupant." 38 Am.Jur., Negligence, Section 105.

It is stated in 25 Am.Jur., Highways, Section 537, that:

"It is incumbent upon the owner or occupant of premises adjoining a highway to exercise reasonable care to prevent injury to travelers by the fall of buildings, structures, or materials located upon such premises, or by the fall of objects or substances from such buildings or structures, into the highway. This rule has found frequent application in the case of injuries resulting from the fall of awnings, fire escapes, signs, and billboards, as the result of improper construction, insecure fastening, or defective condition due to natural deterioration."

The controversy at this point seems to be whether the plaintiff at the time of her injury was a traveler with respect to whom the appellants owed the duty of exercising reasonable care or whether she was a licensee to whom they owed no duty except not to harm her willfully, recklessly or wantonly. The plaintiff and her son were watching the races, or exhibition as it was sometimes called, which extended over a street area of two blocks. Mann's store was in one block and the "National Tea" in the other. The plaintiff and her son started watching in front of Mann's store. After the first races were over they walked down to the National Tea, then came back to Mann's store where they stopped. The exhibition was just over and they were ready to leave when the accident occurred. It was apparently authorized by the city authorities. Two policemen were present whose chief purpose was to keep people out of the street while the exhibition was being held.

■■ The weight of authority is that both children and adults may use streets for pleasure as well as for moving from place to place. 25 Am.Jur., Highways, Section 429. It is clear that at the time of her injury the plaintiff was lawfully upon

the sidewalk which was maintained for the use and convenience of the public. The fact that her purpose was one of pleasure and that she stopped for a short time does not render her a mere licensee of the abutting property owners as the appellants seem to contend and by no rule to be found in the books can she be considered a licensee of the appellants who were independent contractors and themselves using a part of the sidewalk for a special and unusual use.

■ In order to be a traveler it is not necessary that one should keep constantly moving. Silverman v. Usen, 128 Me. 349, 147 A. 421.

In Reed v. City of Madison, 83 Wis. 171, 53 N.W. 547, 549, 17 L.R.A. 733, it is said:

"It would seem to be reasonable that if the person injured, whether an infant or an adult, was, in a proper sense, traveling on the sidewalk, it should not be an objection to his recovery that at the same time he was indulging in play or pastime not inconsistent with his being a traveler also. A person passing from place to place on a sidewalk is a traveler thereon. He is going somewhere. It makes no difference whether it is for business or for pleasure, or merely to gratify his idle curiosity." Quoted in LeMay v. City of Oconto, 229 Wis. 65, 281 N.W. 688, 118 A.L.R. 1019.

The duty that the appellants owed to the plaintiff was that owed to a traveler on the sidewalk, not a mere licensee.

We come now to the appellants' motion for a new trial which challenges the instructions of the court with respect to res ipsa loquitur. After the court had defined the term "burden of proof" and stated:

"Thus, the plaintiff has the burden of proving that the losses and damages she complained of were proximately caused by the negligence of the defendants, or one of them, and the defendants, who claim that the plaintiff was negligent or contributorily negligent, have the burden of proving, by fair preponderance of the evidence, that this is true.",

the court went on to say:

"The first mentioned of these rules on proof is qualified somewhat, under certain circumstances, by another rule which applies when it is said 'a thing speaks for itself.' The rule in such cases is that wherever anything which has produced an injury is shown to have been under the control and management of the defendant that the happening is one which in the ordinary course of events does not happen if due care has been exercised, then the fact of the injury itself is treated as proving negligence unless the defendant, who had control of the thing, can explain and show that the injury was not due to his want of ordinary care."

■ Strictly speaking the application of the doctrine of res ipsa loquitur does not shift the burden of proof to the defendant. That burden abides with the plaintiff throughout the trial and renders it incumbent upon him to prove the defendant's negligence by a preponderance of all the credible evidence. Lejeune v. General Petroleum Corporation, 128 Cal.App. 404, 18 P.2d 429; Lea v. Carolina Power and Light Co., 246 N.C. 287, 98 S.E.2d 9; 38 Am.Jur., Negligence, Section 311; 65 C.J. S. Negligence § 220(9b), p. 1020; Jones Commentaries on Evidence, Second Edition, Volume 2, Section 518. Jones, supra, quotes a suggested instruction from Briglio v. Holt, 85 Wash. 155, 147 P. 877, 879, as follows:

"The jury should be instructed that the burden of proof is upon the plaintiff to establish all the controverted allegations of his complaint by a fair preponderance of the evidence, and

defining preponderance of the evidence; that when a situation is shown which necessarily infers negligence on the part of defendant, or res ipsa loquitur, the burden then devolves upon defendant to furnish an explanation or rebuttal of that presumption of negligence, by producing evidence of his due care and proper precaution, under the circumstances and conditions necessarily within the defendant's exclusive control. If, then, after considering such explanation, on the whole case and on all the issues as to negligence, injury, and damages, the evidence still preponderates in favor of the plaintiff, the plaintiff is entitled to recover; otherwise not."

■■■■ While the first part of the instruction with respect to the qualification of the rule of the burden of proof may be subject to criticism we doubt that standing alone it would be sufficiently prejudicial to warrant a reversal. However, an error of much graver import appears in the later part of this instruction by which the jury was told that where the doctrine of res ipsa loquitur applies "the fact of the injury itself is treated as proving negligence unless the defendant, who had control of the thing, can explain and show that the injury was not due to his want of ordinary care." Here we refer to the passage quoted earlier in this opinion from Sweeney v. Erving, 228 U.S. 233, 33 S.Ct. 416, 57 L. Ed. 815, Ann.Cas.1914D, 905, wherein it is said that res ipsa loquitur means that the facts of the occurrence warrant an inference of negligence which is to be weighed as evidence but not necessarily accepted as sufficient.

In Prosser on Torts, Second Edition, Section 43, it is said:

"The weight of authority regards res ipsa loquitur as nothing more than one form of circumstantial evidence, creating an inference of negligence which in the ordinary case the jury will be permitted but not compelled to accept. A few courts treat it as a presumption, requiring a directed verdict for the plaintiff if the defendant offers no evidence in explanation.

"The inference from res ipsa loquitur is not necessarily inconsistent with specific evidence of negligence introduced by the plaintiff, or with specific allegations in the plaintiff's pleadings, at least where negligence is also pleaded in general terms.

"The evidence required to rebut the inference of res ipsa loquitur will depend upon the inference to be drawn from the circumstances. Evidence showing merely care and precautions on the part of the defendant will seldom be sufficient to entitle him to a directed verdict."

■■■■ The application of the rule of res ipsa loquitur under the circumstances presented in this case created an inference of negligence which the jury might accept or reject regardless of any explanation offered by the appellants. To advise the jury that "the fact of the injury itself is treated as proving negligence" would under any circumstances be erroneous.

The court further instructed the jury that:

"If the facts found by the jury are such as to make the rule applicable, then the unexplained inference of negligence made possible by the rule operates as evidence in favor of the plaintiff and can be so considered together with other evidence which the plaintiff has produced. But, the total amount of evidence in plaintiff's favor must still be such as to prove her case by a fair preponderance."

The appellants challenge this instruction by asserting that the inference does not operate as evidence and cannot be considered along with other evidence of negligence. We do not agree with this contention. The inference does operate as

evidence in the sense that it, together with evidence of the circumstances surrounding the accident, may create a prima facie case in favor of the plaintiff and may be considered by the jury in reaching its final verdict. See quotation from Prosser, supra. Also 38 Am.Jur., Negligence, Section 309; 65 C.J.S. Negligence § 220(9).

The plaintiff points to the rule that though an instruction standing alone may be erroneous it must be considered in connection with the remainder of the charge and if the instructions as a whole correctly advise the jury as to the law the error will not be considered prejudicial, citing Ferderer v. Northern Pacific Ry. Co., 77 N.D. 169, 42 N.W.2d 216; Moe v. Kettwig, N.D., 68 N.W.2d 853; Froh v. Hein, 76 N.D. 701, 39 N.W.2d 11. This is a salutary rule to apply in the proper case but it cannot be applied here. The instructions on res ipsa loquitur are in part erroneous and are such that they would tend to confuse the jury. The inferences to be drawn from the evidence are conflicting which increases the probability of prejudice. See Rott v. Provident Life Insurance Co., 69 N.D. 335, 286 N.W. 393. The errors are not cured by other parts of the instructions nor can it be said that when taken as a whole the instructions correctly state the law. It follows that the errors contained therein are prejudicial. The order denying the defendants' motion for judgment notwithstanding the verdict is sustained. The judgment and order denying the motion for a new trial are reversed and a new trial granted.

SATHRE, C. J., and BURKE, J., concur.