| | |
|---|---|
| JEFFREY A. HAND | Case No. 2011-07192 |
| Plaintiff | Judge Patrick M. McGrath |
| v. | <u>DECISION</u> |
| OHIO DEPARTMENT OF REHABILITATION AND CORRECTION | |
| Defendant | |

{¶1} On May 3, 2012, a trial was held for the purpose of determining liability only. On June 18, 2012, the magistrate issued a decision recommending judgment in favor of defendant. The court adopted the magistrate's recommendation on the same date. Plaintiff appealed the decision and on September 30, 2013, the 10th District Court of Appeals reversed the decision and remanded the case for further proceedings. The parties agreed to submit briefs and present oral arguments in lieu of a second trial. On November 13, 2014, the oral hearing was held before a different magistrate of this court. On May 21, 2015, the magistrate recommended judgment in favor of defendant.

{¶2} Civ.R. 53(D)(3)(b)(i) states, in part: "A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i)." With leave of the court, plaintiff filed objections on July 2, 2015. To date, defendant has not filed a response to plaintiff's objections. Plaintiff raises the following nine objections:

    a. <u>Objection 1: The Magistrate Erred in Ruling the Defendant Did Not Breach the Duty of Ordinary or Reasonable Care.</u>

{¶3} Plaintiff argues that defendant's employee, Farm Coordinator Dillon, was made aware of the fact that there was a problem with the clutch on the tractor in question. Plaintiff and another inmate informed Farm Coordinator Dillon about the issues with the clutch on numerous occasions prior to the incident on November 23, 2010. However, the clutch was never replaced due to budget constraints and the pending closure of the farm. Plaintiff cites to several decisions in which this court has held that defendant has a duty to provide appropriate tools, proper safety features, and safe conditions for working inmates, and it owes inmates a common-law duty of reasonable care and protection from unreasonable risks of physical harm which may arise from dangerous conditions of which it is aware or should be aware. Plaintiff also argues that there is no other explanation for the accident, except for the explanation offered by plaintiff.

{¶4} The magistrate found that defendant was aware of the ongoing issue with the clutch. However, he noted that "the clutch issue was not shown to have posed an unreasonable risk of harm to those operating the tractor based on plaintiff's description of the issue as it existed prior to the accident as well as the absence of evidence tending to show that defendant's knowledge of the issue should have alerted defendant to any risk that the issue might lead to something more serious, like the tractor doing what plaintiff claims that it did during the accident." (Magistrate's Decision, pg. 7).

{¶5} The defendant owes a common-law duty of reasonable care and protection from unreasonable risks of harm. *Woods v. Ohio Dept. of Rehab. & Corr.*, 130 Ohio App.3d 742, 721 N.E.2d 143 (10th Dist.1998); *Bickerstaff v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin Nos. 13AP-1028, 13AP-1029, 2014-Ohio-2364; *Jenkins v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 12AP-787, 2013-Ohio-5106. The defendant's duty includes exercising reasonable care to prevent an inmate from being injured by a dangerous condition about which the state knows or should know. *Woods* at 745.

{¶6} Reasonable or ordinary care is that degree of caution and foresight which an ordinarily prudent person would employ in similar circumstances. *McElfresh v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 04AP-177, 2004-Ohio-5545.

{¶7} A determination of what degree of care defendant owed to plaintiff must center on the foreseeability of plaintiff's injuries. *Jeffers v. Olexo*, 43 Ohio St.3d 140, 539 N.E.2d 614 (1989). The extent of the duty will also vary with the circumstances. *Woods,* 130 Ohio App.3d 742.

{¶8} "'[I]f an event causing injury appears to have been *closely related* to the danger created by the original conduct, it is regarded as within the scope of the risk, *even though*, strictly speaking, *the particular injury would not* have been expected by a reasonable man in the actor's place." *Di Gildo v. Caponi*, 18 Ohio St.2d 125, 247 N.E.2d 732 (1969) (emphasis in original), citing Restat 2d of Torts, § 7 (1979). "It is not necessary that the defendant should have anticipated the particular injury. It is sufficient that his act is likely to result in an injury to someone." *Neff Lumber Co. v. First Nat'l Bank*, 122 Ohio St. 302, 171 N.E. 327 (1930); *Queen City Terminals v. Gen. Am. Transp. Corp.*, 73 Ohio St.3d 609, 1995-Ohio-285, 653 N.E.2d 661.

{¶9} However, "* * * The state is not an insurer of inmate safety, but once it becomes aware of a dangerous condition[,] it must take reasonable care to prevent injury to the inmate." *Forester v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 11AP-366, 2011-Ohio-6296, quoting *Briscoe v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 02AP-1109, 2003-Ohio-3533, ¶ 20, citing *Williams v. Ohio Dept. of Rehab. & Corr.*, 61 Ohio Misc.2d 699, 583 N.E.2d 1129 (Ct. of Cl.1991).

{¶10} The magistrate relied on the fact that the tractor in question had never malfunctioned in such a severe manner prior to the accident, "and even though plaintiff operated the tractor numerous times he stated that he never experienced any problem more substantial than the tractor jerking when it was put in or out of gear, and that nothing made him think he should not operate the tractor." (Magistrate's Decision,

pg. 7).    However, defendant has a duty is to protect inmates from all dangerous conditions, not just those considered severe or substantial.    If it is reasonably foreseeable that an injury may result, defendant has a duty to protect its inmates from said injury.   Here, there is ample evidence that defendant was aware of the ongoing clutch issues with this particular tractor.   Defendant was aware that the issue caused the tractor to jerk forward, rocking the driver back in his seat.   The particular injury, a broken hip, might not have been expected based on the knowledge that the tractor's clutch caused a jerking motion.    However, considering the tractor was regularly operated on uneven ground, including going up and down slopes like the one on which the accident occurred, it was reasonably foreseeable that the jerking motion may cause the driver to lose control, resulting in an accident and injury.   In failing to properly repair the clutch issue, defendant violated its duty of ordinary and reasonable care to plaintiff.

{¶11} Accordingly, plaintiff's first objection is SUSTAINED.

b.   <u>Objection 2: The Magistrate Erred in Ruling Based on Facts Found by the Magistrate that the Tractor Did Not Present an Unreasonable Risk of Harm to Plaintiff.</u>

{¶12} Plaintiff argues that defendant was aware that the tractor had a history of clutch malfunctions which caused it to engage and disengage, and that the clutch required replacement.   However, it was not replaced due to budgetary issues.   He asserts that defendant was solely responsible for the maintenance of the tractor, and had a duty to provide inmate with proper tools.   He contends that, "[c]ertainly this must include a tool that is not defective and consistently causes a lurch without warning."

{¶13} The court agrees, and for the reasons stated above finds the tractor, in its state of disrepair, presented an unreasonable risk of harm to plaintiff.

{¶14} Accordingly, plaintiff's second objection is SUSTAINED.

c. <u>Objection 3: The Magistrate Erred in Finding Defendant Took Reasonable Preventive Measure Regarding the Maintenance of the Tractor and its Duty to Prevent Plaintiff from Being Injured by a Dangerous Condition.</u>

**{¶15}** The evidence shows that defendant regularly maintained the tractor in question. However, the clutch issues continued despite this periodic adjustment. There was also at least one period of time during which defendant placed the tractor out of service until it was operational again. However, the tractor was not out of service on the date of the accident. Therefore, defendant allowed plaintiff to use the tractor knowing that the clutch issue posed an unreasonable risk of injury. In failing to repair the tractor to remove this risk and/or placing the tractor out of service until the risk was mitigated, defendant violated its duty of reasonable and ordinary care.

**{¶16}** Accordingly, plaintiff's third objection is SUSTAINED.

d. <u>Objection 4: The Magistrate Erred in Finding the Injury Plaintiff Sustained Was Not Proximately Caused by the Accident.</u>

**{¶17}** Plaintiff mischaracterized the magistrate's finding related to the proximate cause of his injury. There is no doubt that plaintiff's injury was caused by the tractor falling over on him, fracturing his femur. The magistrate did not make a finding that plaintiff's injuries were not caused by the accident. Rather, he found that the injury was not caused by a breach of defendant's duty to prevent plaintiff from being injured by a dangerous condition about which it knew or should have known.

**{¶18}** Accordingly, plaintiff's fourth objection is OVERRULED.

e. <u>Objection 5: The Magistrate Erred in Ruling the Doctrine of Res Ipsa Loquitor Does Not Apply in this Case.</u>

**{¶19}** Res ipsa loquitor applies when the plaintiff produces evidence in support of the following: (1) That the instrumentality causing the injury was, at the time of the injury, or at the time of the creation of the condition causing the injury, under the exclusive management and control of the defendant; and (2) that the injury occurred under such circumstances that in the ordinary course of events it would not have occurred if ordinary care had been observed. * * *" *Hake v. George Wiedemann Brewing Co.*, 23 Ohio St.2d 65, 262 N.E.2d 703 (1970).

**{¶20}** The existence of more than one reasonable inference regarding the causation of an accident precludes the application of the doctrine of res ipsa loquitor. *See Renneckar* v. *Canton Terminal Restaurant, Inc.*, 148 Ohio St., 119. *See also Krupar* v. *Procter & Gamble Co.*, 160 Ohio St., 489. Res ipsa loquitor applies when "the things speaks for itself." *See Stinson v. N.Y. C. R. Co.*, 30 Ohio App. 539, 165 N.E. 860 (8th Dist.1929).

**{¶21}** The magistrate correctly determined that the doctrine of res ipsa loquitor does not apply. However, the court disagrees with his reasoning: that the proximate cause of the accident had not been established beyond a speculative degree. The court finds that res ipsa loquitor does not apply because this is not the type of incident that "speaks for itself." It is reasonable to infer that this accident could have occurred even if defendant had replaced the clutch. Accidents of moving vehicles occur for many reasons, including user error, surface conditions, etc. There is no evidence to establish that the accident was caused by a reason other than the faulty clutch. However, the fact that one could reasonably infer other causes precludes the application of res ipsa loquitor.

**{¶22}** Accordingly, plaintiff's fifth objection is OVERRULED.

     f.   <u>Objection 6: The Magistrate Erred in Ruling it was Reasonable to Infer the Accident Resulted from Negligence on Part of the Plaintiff because of Excessive Speed, Improper Braking, Turning Too Sharp, Failing to Lower the Throttle, Failing to Downshift out of Highway Gears, Pressing the Wrong Pedal, or a combination of these Factors.</u>

**{¶23}** There is simply no evidence to support any of the magistrate's assertions regarding negligence on the part of plaintiff. In fact, plaintiff directly refuted that any of the above named causes played any role in the accident. Plaintiff was the only witness to the accident, and there is no finding by the magistrate that plaintiff lacked credibility. Likewise, upon careful review of his testimony, the court finds no reason to question plaintiff's account of the accident.

**{¶24}** Accordingly, plaintiff's sixth objection is SUSTAINED.

     g.   <u>Objection 7: The Magistrate Erred in Finding that Plaintiff Failed to Prove Poor Maintenance or any Act or Omission by Defendant Proximately Caused the Accident.</u>

**{¶25}** For the reasons stated above, in regards to plaintiff's first, second, and third objections, plaintiff's seventh objection is SUSTAINED.

     h.   <u>Objection 8: The Magistrate Erred in Finding that the Evidence was Insufficient to Find the Clutch Issue, as Opposed to some other Unidentified Mechanical Issue, Caused the Accident of which Defendant Did Not Have Notice.</u>

**{¶26}** For the reasons stated above, in regards to plaintiff's first, second, and third objections, plaintiff's eighth objection is SUSTAINED.

i.  Objection 9: The Magistrate's Decision is Against the Manifest Weight of the Evidence and is Contrary to Law.

{¶27} Plaintiff's testimony regarding the manner in which the tractor reared up and slid down the hill and over onto its side is corroborated by the condition of the trailer after the accident.  Plaintiff testified that the steel of the hitch of the trailer was bent straight up at its point of connection with the tractor.  Plaintiff is not qualified to offer an expert opinion on the type of accident and resulting damage to the tractor.  However, plaintiff's exhibit 3 is a photograph of the trailer hitch/tongue and clearly depicts a portion of metal which is bent straight up.  This circumstantial evidence is corroborative of plaintiff's explanation of the accident.

{¶28} Considering plaintiff's exhibit 3, and for the reasons stated above, plaintiff's ninth objection is SUSTAINED.

_____
PATRICK M. MCGRATH
Judge

| JEFFREY A. HAND | Case No. 2011-07192 |
|---|---|
| Plaintiff | Judge Patrick M. McGrath |
| v. | <u>JUDGMENT ENTRY</u> |
| OHIO DEPARTMENT OF REHABILITATION AND CORRECTION | |
| Defendant | |

{¶29} On May 21, 2015, the magistrate issued a decision recommending judgment for defendant.

{¶30} Civ.R. 53(D)(3)(b)(i) states, in part: "A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i)." Plaintiff timely filed objections.

{¶31} Upon review of the record, the magistrate's decision and the objections, the court finds that the magistrate has properly determined the factual issues and appropriately applied the law with the exceptions noted in the decision filed concurrently herewith. Therefore, the objections are OVERRULED, in part, and SUSTAINED, in part. The court modifies the magistrate's decision and recommendation, including findings of fact and conclusions of law contained therein, consistent with this decision.

{¶32} The court finds defendant liable for the injuries caused to plaintiff which were proximately caused by defendant's failure to repair the tractor's clutch. Judgment is rendered in favor of plaintiff. A case management conference is set for *April 8, 2016, at 10:00 a.m.*, to discuss further proceedings. The court shall initiate the conference via telephone.

_____
PATRICK M. MCGRATH
Judge

cc:

Richard F. Swope                          Frank S. Carson
6480 East Main Street, Suite 102          James P. Dinsmore
Reynoldsburg, Ohio 43068                  Assistant Attorneys General
                                          150 East Gay Street, 18th Floor
                                          Columbus, Ohio 43215-3130

**Filed March 11, 2016**
**Sent to S.C. Reporter 5/5/16**